493 So.2d 1321 (1986)
Ernest Lee AKINS, Sr.
v.
STATE of Mississippi.
No. 56392.
Supreme Court of Mississippi.
September 10, 1986.
Jack R. Jones, III, Taylor, Jones, Alexander, Greenlee, Seale and Ryan, Taylor & Whitwell, Southaven, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and SULLIVAN, JJ.
PRATHER, Justice, for the Court:
Ernest Lee Akins, Jr. was convicted of aggravated assault on a police officer and was sentenced as an habitual offender to life in prison without probation or parole. We affirm appellant's conviction but remand for new sentencing.

I.
During the morning of October 31, 1982, Highway Patrolman Russell Kyle stopped a late model Cadillac for speeding. The driver, Ernest Lee Akins, Jr., accompanied by two women and a Doberman Pincher, was carrying no driver's license. In addition, the car had no inspection sticker.
After noticing the license plate on the Cadillac was attached with bailing wire, Patrolman Kyle checked the vehicle identification number with the National Crime Information Computer and learned the Cadillac had been reported stolen.
Officer Kyle placed Akins under arrest, but allowed him to walk back to the Cadillac to put the windows down so the dog could breathe. Instead, Akins got in the Cadillac and left. Officer Kyle gave chase, finally forcing Akins off the road. As Officer Kyle was getting out of his car he saw a pistol pointing out of Akins' window. Officer Kyle fired his gun at the Cadillac and Akins returned fire.
During the ensuing shootout, Officer Kyle ran out of ammunition for his revolver and went back inside his car to retrieve *1322 his shotgun. When he did, Akins and a companion fled on foot, but Akins' other companion surrendered.
A man hunt followed with Akins finally surrendering. Akins was convicted of aggravated assault on a police officer in violation of Miss. Code Ann. § 97-3-7 (Supp. 1985) and was sentenced as an habitual offender to life in prison without probation or parole, pursuant to Miss. Code Ann. § 99-19-83 (Supp. 1985).

II.
Appellant was indicted and tried as an habitual offender under Miss. Code Ann. § 99-19-81 (Supp. 1985). Under § 99-19-81 appellant was subject to a prison term of 30 years without chance for probation or parole.[1] After the appellant was convicted, but before he was sentenced, the state was allowed to amend the indictment and have appellant sentenced under Miss. Code Ann. § 99-19-83 (Supp. 1985) to a sentence of life in prison without chance for probation or parole.
The primary difference in the language of the two code sections, pertinent to this appeal, is that § 99-19-81 requires that a defendant have been twice convicted and sentenced to serve separate terms of one year or more in prison, while § 99-19-83 requires that a defendant have been twice convicted, sentenced, and served separate terms of one year or more in prison, and one of the felonies must have been a crime of violence.
To be permissible, the amendment to an indictment must be of form and not of substance. Contreras v. State, 445 So.2d 543, 545 (Miss. 1984); Hannah v. State, 336 So.2d 1317, 1321 (Miss. 1976); Miss. Code Ann. § 99-17-13 (1972). Likewise, a trial court may not amend an indictment to change the charge in the indictment to another crime, except by action of the grand jury who returned the indictment. Jones v. State, 279 So.2d 650, 651 (Miss. 1973).
In Dalgo v. State, 435 So.2d 628, 630 (Miss. 1983), this Court held that if an indictment was sufficient to apprise a defendant that the state was seeking to impose a life sentence without chance for probation or parole, the inclusion of the statutory section number was not essential to the validity of the indictment. The Court in Dalgo noted that the indictment in question listed the principle charge and the "previous convictions with the required particularity." 435 So.2d at 630.
In the present case, the indictment did not allege that the defendant had been twice convicted, sentenced to and actually served separate terms of one year or more in prison. Therefore, this Court finds the indictment was not sufficient to apprise the defendant that the state was seeking life imprisonment without probation or parole and that the amendment to the indictment was one of substance, not merely of form.
In addition, the record is devoid of any proof that appellant actually served one year or more on two separate, prior felonies.
For those reasons we find appellant's sentence under Miss. Code Ann. § 99-19-83 (Supp. 1985) must be vacated.

III.
Having found no reversible error in appellant's other assignments of error, the Court affirms the conviction of the appellant, but vacates appellant's sentence and remands for resentencing in accordance with Miss. Code Ann. § 99-19-81 (Supp. 1985).
CONVICTION AFFIRMED, SENTENCE VACATED AND REMANDED FOR RESENTENCING.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] Miss. Code Ann. § 97-3-7(2) (Supp. 1985) provides a maximum prison sentence of thirty (30) years for one convicted of aggravated assault of a police officer.