PIERCE, JUSTICE,
concurring in part and dissenting in part:
¶ 26. While I agree that we should affirm Gowdy’s conviction, I disagree with the majority’s decision to remand the case for resentencing. Accordingly, I dissent.

*547
I.Akins

¶ 27. The majority seeks to vacate the enhanced portion of Gowdy’s sentence and remand the case for resentencing under Akins[4] But the majority fails to fully acknowledge three key points that distinguish Akins from the present facts: (1) the Akins Court applied a strict standard of review under which the sufficiency of indictments was analyzed prior to the enactment of the Uniform Rules of Circuit and County Court Practice when it vacated Akins’s enhanced sentence; (2) the record lacked proof that Akins had served one year or more on two sepai’ate, prior felonies as required by Mississippi Code Section 99-19-83;[5] and (3) the Akins Court found the amendment to be substantive (under the more stringent standard), and did not vacate the enhanced sentence because of the timing of the amendment. In fact, the Akins Court never addressed the timing of the amendment. Thus, the majority’s reliance on Akins is misplaced.
¶28. Today, Rule 7.09 of the Uniform Rules of Circuit and County Court Practice explicitly allows indictments to be amended to charge a defendant as a habitual offender as long as “the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.”[6] As the majority correctly notes, the rule does not address the timing of such amendment. Under our current law, an indictment may be amended to reflect habitual-offender status, even after a defendant’s conviction.[7] And I would note that the Court handed down Torrey subsequent to, and in line with, Rule 7.09. Thus, the timing of the amendment in this case was permissible.

II. Gowdy and the plea bargain

¶ 29. Prior to trial, the State offered Gowdy a plea deal. As the majority notes, the State would have recommended to the trial court a sentence of one year in custody and two years post-release supervision and a fine in exchange for Gowdy’s guilty plea. Gowdy chose to forgo this opportunity to help himself, and now argues for a second bite at the apple.
¶ 30. I would remind the majority that Gowdy has no constitutional right to a plea bargain.[8] Thus, the notion that the post-conviction amendment somehow robbed Gowdy of his right to “make an informed and rational decision when presented with a proposed plea bargain” has no support from our caselaw or the Mississippi Constitution.

III. The amendment was one of form, and not substance.

¶ 31. Habitual-offender status, in and of itself, is not a crime, i.e., offense, in the State of Mississippi, but a means to reduce crime through deterrence and/or incapacitation by enhancing a defendant’s sentence. Thus, a post-conviction amendment to the indictment to “charge” a defendant as a habitual offender does not raise the same concerns as would an amendment to reflect a new, criminal offense or substantive element of the charged offense.
¶ 32. Moreover, a change in the indictment is permissible if “it does not materi *548 ally alter facts which are the essence of the offense on the face of the indictment as it originally stood, or materially alter a defense to the indictment as it originally stood.”[9] And it is well-established that “prior offenses used to charge the defendant as a habitual offender are not substantive elements of the offense charged.”[10] Gowdy admits this on appeal.
¶ 33. Because the added prior convictions were used only to enhance Gowdy’s sentence, and not as an underlying element of the charge of felony DUI, the amendment to the indictment did not prejudice Gowdy, nor did it impede Gowdy’s defense at trial. Thus, the amendment, unlike the one in Akins, was one of form, and therefore permissible.

IV. Gowdy was not unfairly surprised.

¶ 34. Gowdy received notice of the State’s intent to amend the indictment at the close of trial on February 4, 2009. The State filed its motion, which it sent to Gowdy, on March 30, 2009. Gowdy did not ask for a continuance, nor did he object to such amendment at either time.[11] Gowdy did not oppose the motion until the sentencing hearing on April 21, 2009, at which point he did so orally. In fact, Gowdy had more than seventy days to prepare a defense to the State’s motion. And the record is clear that Gowdy was well aware of his prior felony convictions in Iowa. Thus, it cannot seriously be argued that Gowdy was unfairly surprised by the amendment.
¶ 35. Further, the record is clear that the State did not have the information at the time it offered the plea deal to Gowdy. And Gowdy provides no evidence to show otherwise. Had the State possessed such information, surely it would not have presented Gowdy with such a generous plea deal in the first place. Thus, any implication that the State withheld information or somehow acted with disregard lacks support from the record.

V. Rules 11.03 and 7.09 of the URCCC

¶ 36. The majority states that “Rule 11.03 requires that an indictment ‘must allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous convictions, and the date of judgment,’ and failure to comply with this rule will result in reversal of the enhanced sentence.” But I would point out that the charge of “habitual offender” is not an “offense” within the meaning of Rule 11.03. The charge of “habitual offender” strictly relates to sentencing. And nothing in our case law, nor the Uniform Rules of Circuit and County Court Practice, precludes an amendment to assert such charge later in the proceedings.
¶ 37. Further, the majority cites Ormond v. State for the proposition that failure to comply with Rule 11.03, i.e., charge a defendant with habitual offender at the outset, “will result in reversal of the enhanced sentence.”[12] Once again, the majority fails to acknowledge that Ormond was decided prior to the enactment of Rule 7.09, which allows indictments to be *549 amended to charge a defendant as a habitual offender. Thus, the majority’s reliance on Ormond is incorrect. Ormond has no application to the present facts.
¶ 38. Additionally, the majority claims that the ability to amend the indictment at any time prior to sentencing would decrease the State’s incentive timely to comply with Rule 11.03. But the State has plenty of incentive to seek a defendant’s criminal record in advance, because if the State obtains information concerning a defendant’s criminal record pre-indictment or post-indictment, but well in advance of trial, such criminal history will be beneficial to the State in the prosecution of the principal charge in the indictment, such as admissible evidence under Mississippi Rule of Evidence 404(b), or evidence for the purposes of impeachment on cross-examination of a testifying defendant.[13]
¶ 39. With that being said, the State may, however, amend the indictment to reflect the “charge” of habitual offender at any point prior to sentencing, subject to Rule 7.09, because such amendment is one of form, and not substance, i.e., a new criminal charge or substantive element of the charged offense. To be clear, there is no inconsistency between Rule 11.03 and Rule 7.09. Rule 7.09 simply allows the State to comply with Rule 11.03.
Conclusion
¶ 40. In light of the foregoing reasons, I disagree with the majority’s decision to remand the case for resentencing. Accordingly, I dissent and would affirm both Gowdy’s conviction and sentence.
CARLSON, P.J., AND RANDOLPH, J., JOIN THIS OPINION.

. Akins v. State, 493 So.2d 1321, 1322 (Miss.1986).

. Unlike the record in Akins, the record in this case provides proof that Gowdy served one year or more on each of his separate felony convictions in Iowa. Thus, the record warranted the charge of habitual offender under Section 99-19-83. See Miss.Code Ann. § 99-19-83 (Rev.2007).

. URCCC 7.09.

. Torrey v. State, 891 So.2d 188, 195 (Miss.2004); URCCC 7.09.

. See Weatherford v. Bnrsey, 429 U.S. 545, 561, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977); Medina v. State, 688 So.2d 727, 731 (Miss.1996).

. Nathan v. State, 552 So.2d 99, 107 (Miss.1989) (citing Ellis v. State, 469 So.2d 1256, 1258 (Miss.1986); Shelby v. State, 246 So.2d 543, 545 (Miss.1971)).

. Adams v. State, 772 So.2d 1010, 1020-21 (Miss.2000); Swington v. State, 742 So.2d 1106, 1118 (Miss.1999).

. This Court has held that, "[wjhere a defendant does not ask for a continuance when an indictment is amended he cannot later object that he was surprized [sic] and prejudiced in this defense.” Nathan v. State, 552 So.2d 99, 107 (Miss. 1989).

. Ormond v. State, 599 So.2d 951, 962-963 (Miss.1992).

. See Miss. R. Evid. 609(a). Graves, P. J., concurred in result only.