PIERCE, Justice,
concurring in result only:
¶ 26. I agree with the plurality’s opinion to affirm the judgment of the Court of Appeals, because the amendment to McCain’s indictment was proper. Fur *1064 ther, Rule 7.09 of the Uniform Rules of Circuit and County Court Practice explicitly allows indictments to be amended to charge a defendant as a habitual offender as long as “the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.”[17] As the plurality correctly notes, the rule does not address the timing of such amendment.[18]
¶ 27. Recently, this Court decided Gow-dy v. State, and in that case, this Court found that an amendment to an indictment prior to sentencing but after conviction was improper.[19] The majority in Gowdy found that the State cannot amend an indictment to seek a greater sentence than one originally charged, as that would constitute an unfair surprise to the accused.[20] To the extent that the current plurality relies on Gowdy, I part ways. It is my position that Gowdy was wrongly decided, and this Court should retreat from its erroneous position.
¶ 28. A motion to amend an indictment to reflect the proper habitual-offender status has no bearing on a grand jury’s decision to return an indictment. The habitual-offender status becomes an issue only at sentencing. Sections 99-19-81 and 99-19-83 are not “offenses” as referenced in the Uniform Rules of Circuit and County Court Practice. As long as an accused has notice that the State seeks to amend an indictment as to the habitual-offender status prior to sentencing and is given a reasonable opportunity to answer and defend against the amendment, the amendment is proper, as “it does not materially alter facts which are the essence of the offense on the face of the indictment as it originally stood, or materially alter a defense to the indictment as it originally stood.”[21]
RANDOLPH, J., Joins this Opinion in Part.

. URCCC7.09.

. Plurality Op. ¶ 11.

. Gowdy v. State, 56 So.3d 540, 545 (Miss. 2011) (citing Akins v. State, 493 So.2d 1321, 1322 (Miss. 1986)).

. Id.

. Nathan v. State, 552 So.2d 99, 107 (Miss.1989) (citing Ellis v. State, 469 So.2d 1256, 1258 (Miss.1985); Shelby v. State, 246 So.2d 543, 545 (Miss.1971)).