LEE, G.J.,
for the Court:
¶ 1. This appeal arises from the trial, court’s denial of Timothy Lee Carr’s motion for post-conviction relief (PCR). Carr now appeals, arguing the trial court erred: (1) by., allowing the State to amend the indictment without providing him sufficient notice; (2) by failing to have a bifurcated sentencing hearing before sentencing him as a habitual offender; and (3) by .relying on copies of Carr’s two prior felony convictions, which were not introduced into , evidence during sentencing.
FACTS AND PROCEDURAL HISTORY
¶ 2. Carr was convicted of manslaughter in Jones County Circuit Court on May 25, 2005. This Court affirmed Carr’s conviction and subsequently denied rehearing, Sea Carr v. State, 966 So.2d 197 (Miss.Ct.App.2007). Carr filed two.PCR motions. The Mississippi Supreme Court found both of Carr’s motions barred as successive writs. On January 22, 2018, Carr filed' another PCR motion seeking relief to eliminate the habitual-offender portion of his sentence. The supreme court found that Carr’s motion mot the exception to the time-bar and allowed him to proceed in the trial court. The trial court denied Carr’s PCR motion.
¶ 3. In order to fully review Carr’s claim, this Court requested Carr’s trial court record, and issued an order for the record to be supplemented. The Mississippi Supreme Court Clerk’s Office was unable to locate a copy of the trial court record, including any clerk’s papers or transcripts. On December 18, 2018, the record was' supplemented with the clerk’s papers from the trial court. However, the trial record and transcripts had been checked out from the Jones County Circuit Clerk and never returned. Additionally, sometime prior to July 8, 2008, the State, moved to destroy certain exhibits and/or evidence in Carr’s case. After a hearing on the matter, the trial court issued an order to destroy the exhibits.
STANDARD OF REVIEW ■.
¶ 4. When reviewing a trial court’s denial or dismissal of a PCR motion, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of *347 review. Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss.Ct.App.2012).
DISCUSSION
I. SUFFICIENT NOTICE
¶ 6. Although the record is limited, filings in the record support Carr’s contention that he whs hot provided sufficient notice that the State would seek to have him-sentenced as a habitual offender. The original indictment was entered on August 8, 2002, and did not seek habitual-offender status. The clerk’s papers contain the jury verdict’ entered on May 26, 2005, finding Carr guilty of manslaughter. The next document in the clerk’s papers is the State’s motion to amend the indictment, which was entered on May 26, 2005, followed by the order amending the indictment, also entered on May 25,2006.
¶6. When Carr filed his motion for POE in the trial court, he attached as Exhibit A[1] six pages of what he claims is the trial transcript for the sentencing portion of his trial, The uncertified transcript excerpt shows the jury returned a verdict finding Carr guilty of the lesser-induded offense of manslaughter. The court asked if Carr wanted to stand for sentencing at that time. After the jury returned its verdict, the State immediately sought to-amend the indictment to charge Carr as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007). At that time, the State had yet to file its motion. The court asked Carr’s counsel if she had “anything she wanted to present in this particular instance.” Carr’s counsel did not present anything, nor did she object based on lack of sufficient notice. The court granted the motion and sentenced Carr to twenty years without parole or reduction — which is the maximum sentence for manslaughter.
¶7. While failure to contemporaneously object at trial generally waives an issue for the purposes of appeal, Smith v. State, 724 So.2d 280, 316 (¶143) (Miss.1998), “errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA.” Rowland v. State, 42 So.3d 603, 607 (¶12) (Miss.2010). As this Court' has noted many times before, “[tjhe right to be free from .an .illegal sentence is a fundamental right[.]”. Brown v. State, 923 So.2d 268, 269-60 (¶4) (Miss.Ct.App.2006) (quoting Alexander v. State, 879 So.2d 612, 614 (¶ 9) (Miss.Ct.App.2004)).
¶ 8’. Carr contends that he received no prior notice that the State would seek to have him sentenced as a habitual offender. The State does not refute this assertion. Rule 7.09 of the Uniform Rules of Circuit and County Court mandates that amendments to an indictment “shall be allowed only if the .defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.” ■ The supreme court looked to the timing- of the amendment and its effect on a defendant’s opportunity to present a fair defense in Cowdy v. State, 66 So.3d 640 (Miss.2010). There, the court held that the State could not amend the indictment after Gowdy’s conviction. Id. at 646 (¶ 22). While, the timing of the amendment may be the, same in. Carr’s case, the purpose of Oowd/y is to prevent post-conviction amendments of indictments when a defendant would not be afforded a fair opportunity to defend himself in the face of a much greater sentence than he had anticipated. Carr was indicted and tried for capital murder. There was no greater sentence that he could have antici *348 pated having .to defend himself against at sentencing.
¶ 9. Furthermore, Gowdy was not decided until three years after the Court affirmed Carr’s conviction and denied rehearing. ’ In order to receive the protection of Gowdy, Carr argues that it should be applied retroactively in his case. ■ The supreme court addressed the retroactive application of Cowdy in McCain v. State, 81 So.3d 1055, 1059 (¶ 8) (Miss.2012), holding:
"We conclude that Gowdy applies retroactively here, because McCain’s case was not yet' final when the mandate issued in Gowdy. See Whitaker v. T & M Foods, Ltd., 7 So.3d 893, 901 (Miss.2009) (quoting Thompson v. City of Vicksburg, 813 So.2d 717, 721 (Miss.2002)) (“[N]ewly enunciated rules of law are applied retroactively to cases that are pending trial or that are on appeal, and not final at the time of the enunci- ■ ation.”); Beard v. Banks, 542 U.S. 406, 411, 124 S.Ct. 2504, 159 L.Ed.2d 494 (2004) (Caspari v. Bohlen, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)) '(‘‘State convictions are final ‘for purposes of retroactivity analysis'when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.’ ”); Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) (“[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to ^11 cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a ‘clear break’ with the past.”).
(Internal citations omitted). Carr’s case was final, and had been for three years, when the mandate in Gowdy issued. Therefore, we will not apply Gowdy retroactively in this case. This issue is without merit.
II. BIFURCATED SENTENCING HEARING
¶ 10. Although Carr argues that he was not afforded a bifurcated sentencing hearing, the uncertified transcript excerpt clearly shows that the court conducted a separate sentencing hearing after the jury returned its verdict. “That the trial is bifurcated[ ] means ,a jury resolves the underlying charge and, should a judgment of guilt result, the circuit judge determines whether the convicted satisfies the requirements for enhanced sentencing as a habitual offender.” Frazier v. State, 907 So.2d 985, 992 (¶20) (Miss.Ct.App.2005).
¶ 11. Additionally, Carr asserts that because the copies of his two prior felony convictions were not admitted into evidence during the sentencing hearing, his sentence should be reversed. During the sentencing hearing, the State moved for the copies of the convictions to be admitted. Carr did not object. However, the trial court never formally admitted the convictions into the record. This Court has held numerous times that failure to make a contemporaneous objection waives the issue on appeal. Weems v. State, 63 So.3d 579, 584 (¶12) (Miss.Ct.App.2010). If a contemporaneous objection is not made, then the defendant “must rely on plain error to raise the assignment on appeal.” Foster v. State, 639 So.2d 1263, 1289 (Miss.1994). For this Court to apply the plain-error doctrine, the error must have “seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.” Weems, 63 So.3d at 584 (¶ 13) (internal quotations omitted).
¶ 12. There is nothing in the record to show that the admittance of the copies of the prior convictions seriously affected the fairness of the proceedings. Carr does not *349 take issue with the admissibility or validity of the convictions, only that the proper procedure was not followed. Therefore, this issue is without merit.
¶ 13. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.

. The State never contends that the uncerti-fied trial-transcript excerpt is unreliable. In fact, the State uses it to support'its claim that the certified copies of Carr’s prior felony convictions were presented to the trial court for review prior to sentencing. -