ON WRIT OF CERTIORARI

LAMAR, Justice,
for the Court:
¶ 1. In his motion for post-conviction relief, Timothy Lee Carr argues that an intervening decision entitles him to relief from the habitual-offender portion of his sentence. Finding that Gowdy[1] does not apply retroactively to Carr’s case, we affirm the judgments of the Court of Appeals and the trial court.
FACTS AND PROCEDURAL HISTORY
¶2. Timothy Carr was indicted and tried for capital murder, and on May 25, 2005, a jury convicted him of the lesser-included offense of manslaughter. Following his conviction, the trial court allowed the State to amend Carr’s indictment, charging him as an habitual offender under Miss.Code Section 99-19-81. After that, the trial court sentenced Carr as an habitual offender and ordered him to serve twenty years — the maximum for manslaughter — in the custody of the Mississippi Department of Corrections.
¶3. The Court of Appeals affirmed Carr’s conviction and sentence and denied his motion for rehearing. See Carr v. State, 966 So.2d 197 (Miss.Ct.App.2007). The mandate in that appeal issued on October 16, 2007. Carr twice sought leave *321 from this Court to file motions for post-conviction relief (PCR) — first in May 2008, then in September 2010. This Court denied both applications. Carr filed a third application, which a panel of this Court granted on March 28, 2013. Carr- then filed his PCR motion in the trial court, claiming that the habitual-offender portion of his sentence should be vacated for two reasons: (1) because this Court’s intervening decision in Gowdy prohibited post-conviction indictment amendments;' and. (2) because the prosecution failed to reintroduce evidence of his prior convictions during the sentencing phase of his trial. Carr does not here contest the validity or admissibility of his. prior convictions.
¶4. On May 24, 2013, the trial court denied Carr’s PCR motion, citing Newberry v. State, 85 So.3d 884, 890-91 (Miss.Ct.App.2011) (holding that Gowdy did not “establish an absolute, indispensable rule that a trial judge’s decision to withhold ruling on the State’s request to amend an indictment to allege habitual-offender status creates an unfair surprise”); Nathan v. State, 552 So.2d 99, 107 (Miss.1989) (holding that a defendant cannot claim he was unfairly surprised or prejudiced by an indictment amendment if he failed to ask for a continuance when the amendment was offered); McCain v. State, 81 So.3d 1055, 1059 (Miss.2012) (applying Gowdy retroactively to a “case [that] was not yet final when the mandate issued in Gowdy”). The trial court, did not address Carr’s other claim.
¶ 5. The Court of Appeals affirmed the trial court’s denial of Carr’s motion and denied Carr’s motion for rehearing. See Carr v. State, 178 So.3d 344, 2014 WL 1674152 (Miss.Ct.App.2014). That court refused to apply Gowdy retroactively because “Carr’s case was final, and had been for three years, when the mandate in Gow-dy issued.” Id. 543. ' In so holding, the Court of Appéals relied on our holding in McCain, where we applied Gowdy retroactively “because McCain’s case was not yet final when the mandate issued in Gowdy.” McCain, 81 So.3d at 1059.
¶ 6. We granted certiorari and now affirm the judgments of the Court of Appeals and the Jones County Circuit Court. We limit the question on review to whether our decision in Gowdy applies retroactively. See M.R.A.P. 17(h). We hold that it does nót, ánd we write here 'to make explicit what our holding in McCain implied: the rule we announced in Gowdy does not apply retroactively to cases that were final before April 7, 2011, the date the mandate issued in Gowdy '.
DISCUSSION
¶ 7. Uniform Rule of Circuit and County Court Practice 7.09 provides that indictments may be amended, but states that such “[a]mendment[s] shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.”. URCCC 7.09. In Gowdy, we pointed out that Rule 7.09 “does not speak to the timing of the amendment.” Gowdy, 56 So.3d at.545. In Gowdy we found that “an amendment to the indictment, to allege habitual offender status after conviction is an unfair surprise,”[2] but we did not establish a per se timing rule. Id. Gowdy also overruled Torrey v. State, 891 So.2d 188 (Miss.2004), which allowed a defendant’s indictment to be amended after he had been convicted. ,
¶8. This Court previously has addressed Gowdy ⅛ retroactive application in *322 McCain. See McCain 81 So.3d at 1059. McCain’s indictment, like Carr’s, was amended after he was convicted. Id. at 1057. This Court’s mandate in Gowdy issued two days after the Court of Appeals had affirmed his conviction. .Id. McCain claimed in his motion for rehearing — which the Court of Appeals denied — and in his petition for certiorari, that Gowdy should § Id. at 1058-59.
¶ 9. We granted certiorari and “conclude[d] that Gowdy applie[d] retroactively ... because McCain’s case was not yet final when the mandate issued in Gowd/y.” Id. ,at 1059 (citing Whitaker v. T. & M. Foods, Ltd., 7 So.3d 893, 901 (Miss.2009) (quoting Thompson v. City of Vicksburg, 813 So.2d 717, 721 (Miss.2002) (“newly enunciated rules of law are applied retroactively to cases that are pending trial or that are on appeal, and not final at the time of the enunciation.’’))); Beard v. Banks, 542 U.S. 406, 411, 124 S.Ct. 2504, 2510, 159 L.Ed.2d 494 (2004) (quoting Caspari v. Bohlen, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994))(“State convictions are final ‘for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.’ ”); Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) (“a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a ‘clear break’ with the past.”).
¶ 10. But, as the cases upon which we relied in McCain clearly show, the retroac-tivity analysis for convictions that have become final — like Carr’s — must be different from the analysis for convictions that are on appeal and not final when the opinion is handed down — like McCain’s. This Court has adopted the United States Supreme Court’s retroactivity test, as outlined in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). See Manning v. State, 929 So.2d 885, 900 (Miss.2006) (holding ‘‘that the limited retroactive standard set forth’ in the United, States Supreme Court case of . Teague v. Lane should be applied to all issues relating to the retroactive application of judicially enunciated rules”).
¶ 11. We explained that limited standard in Manning: ■
[A] new rule of constitutional law will not be applied retroactively -... unless it • falls within one- of two limited exceptions. The first exception [is] .., that a new rule should- be applied retroactively if it places certain kinds - of primary, private individual conduct beyond the ■ power of the criminal law-making authority to proscribe. The second exception is reserved for watershed rules of criminal procedure.
Manning, 929 So.2d at 897 (quoting Teague, 489 U.S. at 311, 109 S.Ct. 1060) (internal citations and quotation'marks omitted). The United States Supreme Court has explained the rationale for such limited retroactive application: “The principle announced in Teague serves to ensure that gradual developments in the law over which reasonable jurists may disagree are not later used to upset the finality of state convictions valid when entered.” Sawyer v. Smith, 497 U.S. 227, 285, 110 S.Ct. 2822, 2827, 111 L.Ed.2d 193 (1990).
¶12, We find that Gowdy does not meet either of the “limited exceptions” that allow a new rule to be applied retroactively. Id. at 897 (quoting Teague, 480 U.S. at 311, 109 S.Gt. 1060). The first exception would apply jf Gowdy “place[d] certain kinds of primary, private individual conduct beyond the power of the criminal *323 law-making authority to proscribe.” Id. Gowdy dealt with sentencing, not primary conduct, so this exception is not met.
¶ 13. The United States Supreme Court has since expounded on when new rules meet the second Teague.exception:
New rules of procedure, on the other hand, generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does-not make: criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise. Because of this more speculative connect tion to innocence, we give retroactive effect to only a small set of “ ‘watershed mies of criminal procedure’ implicating the fundamental fairness and accuracy of the criminal proceeding.” That a new procedural rule is “fundamental”, in some abstract sense is not enough; the rule must be. one “without, which the likelihood of m accurate conviction is seriously diminished.” -This class of rules is extremely narrow, and it is “unlikely that any ... ha[s] yet to emerge.”
Schriro v. Summerlin, 642 U.S. 348, 862, 124 S.Ct. 2619, 2622, 169 L.Ed.2d 442 (2004) (emphasis added) (internal citations omitted). The rule in Gowdy that Carr asks us to apply retroactively was .not such a “watershed.rule.” .It affects- when an indictment may be amended- — or, more precisely, when it may not — -which does not diminish “the likelihood of an accurate conviction.” So our rule in. Gowdy meets neither Teague exception; and therefore, we will not apply it retroactively.
CONCLUSION
¶ 14. Carr’s conviction and sentence were final three years before the mandate issued in Goivdy. Furthermore, GoiMy announced a new rule' of law that does not apply retroactively because it fails to meet either of the Teague exceptions. We therefore affirm the judgments of the Jones County Circuit Court and the Court of Appeals.
¶ 15. AFFIRMED.
WALLER, C.J., RANDOLPH, P. J., CHANDLER, PIERCE AND COLEMAN, JJ.;> CONCUR. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., AND KITCHENS, J.

. Gowdy v. State, 56 So.3d 540 (Miss.2010).

. This rule was refined somewhat in McCain, where we shifted the focus from when the indictment was amended to when the defendant was put on notice of the possibility that the prosecution would seek to add the habitual-offender enhancement.