# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01301-COA

**DEXTER MOORE**                                                                                       **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                             **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/07/2015 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS JR. |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DEXTER MOORE (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD JASON L. DAVIS |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | POSTCONVICTION-RELIEF PETITION DISMISSED |
| DISPOSITION: | AFFIRMED - 12/06/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., JAMES AND GREENLEE, JJ.**

**JAMES, J., FOR THE COURT:**

¶1. This appeal arises from Dexter Moore's postconviction-relief (PCR) petition in the Circuit Court of Oktibbeha County, Mississippi. The circuit court dismissed Moore's PCR petition from his 2010 conviction as procedurally barred. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. In 2010, an Oktibbeha County grand jury indicted Moore for two counts of selling a controlled substance within 1,500 feet of a park (Counts I and II). The grand jury also indicted Moore for one count of possession of a controlled substance (Count III). As part of

the plea agreement, the State agreed to only prosecute Counts I and III. Further, in exchange for Moore pleading guilty, the State recommended a thirty-year sentence, with twenty-nine years suspended, for Count I and sixteen years as a habitual offender for Count III.

¶3. At Moore's plea hearing, on May 4, 2010, the State moved to amend Moore's indictment to charge him as a habitual offender, reflecting his plea agreement. Moore did not object to the amendment of his indictment. The circuit court sentenced Moore according to the State's recommendations.

¶4. On June 2, 2015, over three years after his sentence, Moore filed a PCR petition with the circuit court. Moore raised multiple issues in his petition. Among these, Moore argued that his sentence was illegal and that his claim could not be procedurally barred. In support of this argument, Moore cited *Gowdy v. State*, 56 So. 3d 540 (Miss. 2010), as an intervening decision that excepted his petition from the normal procedural bars. He claimed that the circuit court erred by allowing his indictment to be amended.

¶5. The circuit court denied Moore's petition, finding that it was procedurally barred. Moore now appeals the same issues to this Court. Since Moore's petition is procedurally barred, we will only address Moore's claim that the *Gowdy* rule excepts his petition from the procedural bar.

**STANDARD OF REVIEW**

¶6. We will only reverse the dismissal or denial of a PCR petition where the circuit court's decision is clearly erroneous, but we review questions of law under a de novo standard. *Crosby v. State*, 16 So. 3d 74, 77 (¶5) (Miss. Ct. App. 2009).

## DISCUSSION

¶7. The circuit court properly denied Moore's PCR petition. Mississippi Code Annotated section 99-39-5 (Rev. 2015) provides that a PCR petition "shall be made[,] . . . in case of a guilty plea, within three (3) years after entry of the judgment of conviction." This section excepts a petitioner from the time-bar where his petition raises "an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence." *Id*. § 99-39-5(2)(a)(i).

¶8. Here, Moore argues that the Mississippi Supreme Court issued a ruling that made his sentence illegal after his conviction. Under *Gowdy*, it is improper for the State to amend an indictment to charge a defendant as a habitual offender after the defendant's conviction by a jury. *Gowdy v. State*, 56 So. 3d 540, 546 (¶22) (Miss. 2010). The rule in *Gowdy*, though, does not apply retroactively. *Carr v. State*, 178 So. 3d 320, 323 (¶14) (Miss. 2015) ("*Gowdy* announced a new rule of law that does not apply retroactively.").

¶9. Because Moore's PCR petition was filed on June 2, 2015—five years after his May 4, 2010 sentencing, his petition is time-barred. Moore's argument that *Gowdy* excepts his petition from the time-bar, as an intervening decision, is not persuasive because *Carr* held that *Gowdy* does not apply retroactively. *Gowdy* was issued on December 16, 2010, seven months after Moore's sentencing became final in May 2010. In light of these facts, Moore's petition is procedurally barred.

¶10. Also, we note that Moore—if he were not procedurally barred—would not be entitled

3

to any relief under *Gowdy*.[1] At the hearing, Moore not only did not object to the amendment of his indictment, he asked for it. The record reflects that Moore pled guilty pursuant to a plea agreement, that amending the indictment to charge him as a habitual offender on one of the counts was part of the deal, and that Moore received substantial leniency in exchange. During the thorough and detailed colloquy following Moore's acquiescence to the amendment, he was questioned as to his understanding of the effect of habitual-offender status. Moore then explicitly pled guilty as a habitual offender:

> Q. How do you plead in count three, possession of cocaine, more than a tenth of a gram, as an enhanced offender and *as a*[] *habitual offender?*
>
> A. Guilty

(Emphasis added). Moore's plea was found to be "freely, voluntarily, knowingly and intelligently entered," and he was adjudicated guilty and sentenced in accord with the plea-bargain agreement. "[A] knowing and voluntary guilty plea waives an indictment's failure to include habitual offender status." *Joiner v. State*, 61 So. 3d 156, 159-60 (¶10) (Miss. 2011). Moore's postconviction claim of unfair surprise is not only procedurally barred, it is without merit as well.

---

[1] We note that *Gowdy's* mandate "that the defendant must be afforded a fair opportunity to present a defense and not [be] unfairly surprised" could apply to a plea-bargain agreement. *Gowdy* discusses plea bargains in its reasoning:

> Finally, notice of the charge includes notice of the applicable minimum and maximum penalties. Under Rule 8.04(A)(4)(b), before a defendant can plead guilty, the trial court has a duty to ensure that he "understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law."

*Gowdy*, 56 So. 3d at 546 (¶21) (citing URCCC 8.04(A)(4)(b)).

CONCLUSION

¶11.    Because Moore filed his petition more than three years after entry of his judgment and

*Gowdy* does not apply retroactively, we affirm the dismissal of Moore's PCR petition.

¶12.    **THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY DISMISSING THE PETITION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.    IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**