# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-KA-00890-SCT

*TYRONE GOWDY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/21/2009 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RANDALL HARRIS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOHN R. HENRY, JR. |
| DISTRICT ATTORNEY: | BILBO MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED IN PART; VACATED IN PART AND REMANDED - 12/16/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1. Following a jury trial, Tyrone Gowdy was convicted of felony driving under the influence of alcohol (DUI). Two months after his trial and conviction, but before his sentencing, the State amended the indictment to allege that Gowdy was an habitual offender as defined by Mississippi Code Section 99-19-83 (Rev. 2007). The trial judge then adjudicated Gowdy an habitual offender and sentenced him to life imprisonment without the possibility of parole. Finding that the State was prohibited from amending the indictment after Gowdy's conviction, but finding that no reversible error occurred at trial, we affirm

Gowdy's conviction, vacate the enhanced portion of his sentence, and remand the case for resentencing.

**Facts**

¶2.     In the early morning hours of March 30, 2008, Officer John Straight, a patrolman with the Meridian Police Department, witnessed a vehicle running a stop sign. Straight pursued the vehicle and attempted to initiate a traffic stop by activating his blue lights and siren. Eventually, the car stopped, whereupon the driver, Tyrone Gowdy, got out and began to run away. Straight caught up with Gowdy on foot and restrained him as he awaited assistance from other officers. The arresting officer testified that because Gowdy was unruly, slurring his speech, and smelled of alcohol, Straight requested assistance from a DUI enforcement officer.

¶3.     Officer David Rosenbaum arrived shortly thereafter and found Gowdy as Straight had described him: belligerent, smelling of alcohol, and slurring his words. Rosenbaum testified that Gowdy refused to breathe into the portable testing device at the scene and was transported to the police station. Rosenbaum continued that, at the station, he offered Gowdy both a field sobriety test and a breath test, and Gowdy again refused.

¶4.     At trial, Gowdy testified in his own defense. He admitted having run the stop sign, but denied that he had been drinking. According to Gowdy, Rosenbaum never offered him a breath test or a field sobriety test once they arrived at the police station.

¶5.     Gowdy was indicted for felony driving under the influence of alcohol under Mississippi Code Section 63-11-30 (Rev. 2004), as this was his fourth DUI offense within

2

the preceding five years.[1]  The jury found Gowdy guilty on February 4, 2009.  On April 21, 2009, just before sentencing, the trial judge allowed the State to amend the indictment to reflect that Gowdy was an habitual offender as defined in Mississippi Code Section 99-18-83.  The trial judge adjudicated Gowdy an habitual offender and sentenced him to life imprisonment without the possibility of parole.

## Issues

¶6.    Gowdy raises six points of error on appeal, arguing: (1) he received ineffective assistance of counsel; (2) the trial judge erred by allowing the State to ask the venire members about verdicts they had rendered in other criminal cases; (3) the trial judge committed plain error by failing to issue a limiting instruction regarding evidence of Gowdy's prior convictions; (4) cumulative errors warrant reversal; (5) the trial court erred by allowing the State to amend the indictment, after conviction, to include habitual offender status; and (6) the sentence was disproportionate to the crime and amounted to cruel and unusual punishment.

## Discussion

### I. Gowdy's ineffective assistance of counsel claims are dismissed without prejudice.

¶7.    Gowdy argues on appeal that his trial counsel was ineffective for eleven reasons: (1) failing to object to evidence of other DUIs; (2) failing to ask for a limiting instruction regarding prior DUI offenses; (3) failing to object to evidence of other non-DUI crimes; (4)

---

[1]The indictment initially alleged that Gowdy previously had been convicted of two DUIs, but, before trial, the State amended the indictment to add a third prior DUI conviction.

failing to object to the State's amending the indictment to add habitual offender status; (5) failing to request a video recording of the traffic stop; (6) failing to offer a jury instruction on Gowdy's theory of the case; (7) failing to object to alleged prosecutorial misconduct; (8) failing to offer a circumstantial evidence instruction; (9) failing to cross-examine a State's witness about a prior statement; (10) failing to object to the State's peremptory jury challenges; and (11) failing to include significant errors in his post-trial motion for a new trial or a judgment notwithstanding the verdict. The second, fourth, and tenth points of error are addressed below. As for the remainder, this Court has held:

> Ordinarily, ineffective-assistance-of-counsel claims are more appropriately brought during post-conviction proceedings. This is because during direct appeals the Court is limited to the trial court record in its review of the claim, and there may be instances in which insufficient evidence exists within the record to address the claim adequately. *Wilcher v. State*, 863 So. 2d 776, 825 (Miss. 2003). In such a case, the appropriate procedure is to deny relief, preserving the defendant's right to argue the issue through a petition for post-conviction relief. *Read v. State*, 430 So. 2d 832, 837 (Miss. 1983).
>
> However, this Court may address an ineffectiveness claim on direct appeal if the presented issues are based on facts fully apparent from the record. M.R.A.P. 22; *see also* *Havard v. State*, 928 So. 2d 771, 786 (Miss. 2006).

*Archer v. State*, 986 So. 2d 951, 955 (Miss. 2008). In his brief, Gowdy makes cursory arguments on each point of error and often fails to cite to the record or to any relevant authority. We find that Gowdy's ineffective assistance of counsel claims are best reserved for a petition for possible post-conviction relief. *Id.*

**II. The trial judge did not commit plain error by allowing the State to ask the venire members about verdicts they had rendered in other criminal cases.**

4

¶8. During voir dire examination, the prosecutor asked the venire members whether they previously had served as jurors in criminal cases. Those who responded affirmatively were asked the nature of the crime and the verdict, if any. During jury selection, the State exercised two of its peremptory strikes against venire members who had sat on juries that had returned not guilty verdicts, and one peremptory strike against a venire member who had sat on three juries that had returned two guilty verdicts and one not guilty verdict, respectively. The defendant exercised two peremptory strikes against venire members who had sat on juries that had returned guilty verdicts. Ultimately, the impaneled jury consisted of two jurors who previously had served on juries in criminal cases. In both cases, the jury had returned guilty verdicts. The other impaneled jurors had never served as jurors in criminal cases. The defendant did not object to either the State's line of questioning or the State's use of peremptory strikes.

¶9. On appeal, Gowdy argues that the trial judge committed plain error in allowing the State to ask the venire members whether they previously had served on juries in criminal cases, and if so, whether those juries had acquitted or convicted the defendants in those cases. Gowdy also argues that the prosecutor then was able to use peremptory strikes to ensure that no juror impaneled in his case previously had voted not guilty in another criminal case. He argues that this denied him a fair and impartial jury.

¶10. Because Gowdy made no objections at trial, he asks us to review this under the "plain error" doctrine. Under this doctrine, we will reverse if the error involved a fundamental and/or substantive right and resulted in a "manifest miscarriage of justice" or "seriously

5

affect[ed] the fairness, integrity or public reputation of judicial proceedings." ***Brown v. State***, 995 So. 2d 698, 703 (Miss. 2008) (citations omitted).

¶11.   We find no error, plain or otherwise, in the trial court's having allowed the State to question the venire members about prior jury service. We are not aware of any case which condemns or finds fault with this common practice, and Gowdy does not provide one. Such questions often are posed by both sides in criminal and civil cases alike, and are patently legitimate as voir dire questions. Indeed, in the present case, Gowdy struck two venire members who previously had voted to convict criminal defendants. Although we cannot know the reasons for these strikes, it is not at all unlikely that Gowdy and/or his lawyer considered these persons' history as jurors, about which Gowdy would not have known without the State's questioning. Accordingly, we find this issue without merit.

### III. The trial judge gave a limiting instruction.

¶12.   Gowdy argues that the trial judge erred by failing to give a cautionary instruction regarding evidence of his prior DUI convictions and evidence that he had been cited for driving with a suspended driver's license. However, the trial judge did give a limiting instruction; the jury was told by the court that it could consider Gowdy's prior DUI convictions only as impeachment evidence and as evidence that the case being tried was his third DUI. Gowdy does not reveal to this Court how the trial judge should have further instructed the jury, and we find no reversible error in this regard.

### IV. The cumulative error doctrine does not apply.

¶13.   Gowdy also argues that cumulative errors warrant reversal, but "where there is no error in part, there can be no reversible error to the whole." ***Harris v. State***, 970 So. 2d 151,

6

157 (Miss. 2007) (citing *Gibson v. State*, 731 So. 2d 1087, 1098 (Miss. 1998)). Thus, this assignment of error is without merit.

> **V. The trial court erred by allowing the State to amend the indictment, after conviction, to include habitual offender status.**

¶14. On the morning of trial, February 3, 2009, the parties had an on-the-record discussion regarding plea negotiations. The State expressed a willingness to recommend to the court a sentence of one year in custody with two years' post-release supervision and a $2,000 fine if Gowdy would plead guilty. Although Gowdy's attorney said that he believed it was in his client's best interest to accept such an offer, Gowdy rejected it and invoked his right to a jury trial.

¶15. The next day, February 4, 2009, immediately after Gowdy had been convicted, the State informed the court that it had "just received" information about Gowdy's prior convictions in Iowa and would seek to amend the indictment to include his habitual offender status. The prosecutor further informed the court that he was "not certain whether there will be an amendment to 99-19-83 or whether it will be 99-19-81."[2] Nearly two months later, on March 30, 2009, the day for which Gowdy's sentencing hearing was scheduled, the State filed its motion to amend the indictment to charge Gowdy as an habitual offender under Mississippi Code Section 99-19-83, which requires a mandatory life sentence. Gowdy's sentencing hearing was then rescheduled to April 21, 2009. Just before the sentencing

---

[2]Mississippi Code Section 99-19-81 (Rev. 2007) requires that certain habitual offenders be given the maximum sentence for the crime charged upon conviction, while Section 99-19-83 requires the imposition of a sentence of life without parole.

hearing, the trial judge overruled Gowdy's objection to the amendment, concluding that "there is no prejudice."

¶16.   Rule 7.09 of the Uniform Rules of Circuit and County Court Practice provides:

> All indictments may be amended as to form but not as to the substance of the offense charged.  Indictments may also be amended to charge the defendant as an habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement (e.g., driving under the influence, Miss. Code Ann. § 63-11-30).  Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.

The rule does not speak to the timing of the amendment, only that the defendant must be "afforded a fair opportunity to present a defense" and "not [be] unfairly surprised." URCCC 7.09.  This means that the defendant must be afforded due process of law and be given fair notice of "the nature and cause of the accusation."  U.S. Const. amends. VI, XIV; Miss. Const. art. 3, §§ 14, 26.

¶17.   We find but one case in which this Court has held that the State can amend an indictment to charge a defendant as an habitual offender after a guilty verdict has been rendered, *Torrey v. State*, 891 So. 2d 188, 195 (Miss. 2004).  Yet, *Torrey*'s holding conflicts with prior case law that has not been overruled.  *Akins v. State*, 493 So. 2d 1321, 1322 (Miss. 1986).

¶18.   In *Akins*, 493 So. 2d at 1322, this Court held that an amendment to the indictment which changed the habitual offender charge from the "little" enhancement (Section 99-19-81) to the "big" enhancement (Section 99-19-83) was an impermissible amendment.  In that case, the defendant originally was charged as an habitual offender under Mississippi Code Section

8

99-19-81, and thus faced a maximum penalty of thirty years if convicted of aggravated assault on a police officer. *Id.* After his conviction, but before sentencing, the State was allowed to amend the indictment to have the defendant sentenced to imprisonment for life under Mississippi Code Section 99-19-83. On appeal, this Court held that the amendment was improper, and this Court vacated the defendant's enhanced sentence. *Id.*[3]

¶19.    It logically follows that if the State may not amend the indictment to charge the "big" enhancement after conviction when the original indictment charged only the "little" enhancement, then the State may not amend the indictment to *add* an enhanced penalty after conviction. Our Uniform Rules of Circuit and County Court Practice support this interpretation because, as discussed above, "[i]ndictments may also be amended to charge the defendant as an habitual offender," but an "[a]mendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense *and* is not *unfairly surprised*." URCCC 7.09 (emphasis added.) We find that, in line with *Akins*, an amendment to the indictment to allege habitual offender status after conviction is an unfair surprise.

¶20.    Moreover, Rule 11.03(1) requires that an indictment "must allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous convictions, and the date of judgment," and failure to comply with this rule will result in reversal of the enhanced sentence. *Ormond v. State*, 599 So. 2d 951, 962-63 (Miss. 1992) (vacating enhanced penalty where indictment failed to list the date of one of the prior charges). There is no incentive for the State to be diligent in

---

[3]The Court also noted, in passing, that the record lacked proof that the defendant had actually served one year or more on two separate felony convictions. *Id.*

9

obtaining a prospective indictee's criminal record in advance of presenting a new charge to a grand jury and timely complying with Rule 11.03 if it may simply amend the indictment at any time before sentencing. Had that occurred in this case, Gowdy would have been in a better position to make an informed and rational decision when presented with a proposed plea bargain.

¶21. Finally, notice of the charge includes notice of the applicable minimum and maximum penalties. Under Rule 8.04 (A)(4)(b), before a defendant can plead guilty, the trial court has a duty to ensure that he "understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law." The rule should not be different for defendants who choose to exercise their right to trial by jury.

¶22. Pursuant to *Akins*, 493 So. 2d at 1322, and our uniform rules, we find that the State should not have been permitted to amend the indictment after Gowdy's conviction. To the extent that *Torrey*, 891 So. 2d at 195, holds otherwise, it is overruled. Thus, we vacate the enhanced penalty and remand the case for resentencing under Mississippi Code Section 63-11-30 (2)(c).

**VI. The proportionality of Gowdy's sentence is a moot issue.**

¶23. Gowdy argues that a life sentence is disproportionate to the crime of driving under the influence of alcohol, and, thus, is prohibited by our state and federal constitutions as cruel and unusual punishment. U.S. Const. amend. VIII; Miss. Const. art. 3 § 28. Because we are vacating Gowdy's sentence based on the untimely amendment to the indictment, this issue is moot.

**Conclusion**

10

¶24. We find no error at trial that would warrant reversal of Gowdy's conviction. However, because the trial judge erred by allowing the State to amend the indictment after Gowdy had been convicted, we vacate the enhanced portion of his sentence and remand the case for resentencing under Mississippi Code Section 63-11-30 (2)(c).

¶25. **CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE, AFFIRMED. SENTENCE OF LIFE IMPRISONMENT, AS A HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, VACATED. THIS CASE IS REMANDED TO THE LAUDERDALE COUNTY CIRCUIT COURT FOR RESENTENCING.**

**WALLER, C.J., GRAVES, P.J., DICKINSON, LAMAR AND CHANDLER, JJ., CONCUR. PIERCE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY CARLSON, P.J., AND RANDOLPH, J.**

**PIERCE, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶26. While I agree that we should affirm Gowdy's conviction, I disagree with the majority's decision to remand the case for resentencing. Accordingly, I dissent.

*I. Akins*

¶27. The majority seeks to vacate the enhanced portion of Gowdy's sentence and remand the case for resentencing under *Akins*.[4] But the majority fails to fully acknowledge three key points that distinguish *Akins* from the present facts: (1) the *Akins* Court applied a strict standard of review under which the sufficiency of indictments was analyzed *prior to* the enactment of the Uniform Rules of Circuit and County Court Practice when it vacated Akins's enhanced sentence; (2) the record lacked proof that Akins had served one year or

---

[4] *Akins v. State*, 493 So. 2d 1321, 1322 (Miss. 1986).

11

more on two separate, prior felonies as required by Mississippi Code Section 99-19-83;[5] and

(3) the *Akins* Court found the amendment to be substantive (under the more stringent

standard), and did not vacate the enhanced sentence because of the timing of the amendment.

In fact, the *Akins* Court never addressed the timing of the amendment. Thus, the majority's

reliance on *Akins* is misplaced.

¶28.    Today, Rule 7.09 of the Uniform Rules of Circuit and County Court Practice explicitly

allows indictments to be amended to charge a defendant as a habitual offender as long as "the

defendant is afforded a fair opportunity to present a defense and is not unfairly surprised."[6]

As the majority correctly notes, the rule does not address the timing of such amendment.

Under our current law, an indictment may be amended to reflect habitual-offender status,

even after a defendant's conviction.[7] And I would note that the Court handed down *Torrey*

subsequent to, and in line with, Rule 7.09.  Thus, the timing of the amendment in this case

was permissible.

*II. Gowdy and the plea bargain*

¶29.    Prior to trial, the State offered Gowdy a plea deal.  As the majority notes, the State

would have recommended to the trial court a sentence of one year in custody and two years

---

[5]Unlike the record in *Akins*, the record in this case provides proof that Gowdy served one year or more on each of his separate felony convictions in Iowa. Thus, the record warranted  the charge of habitual offender under Section 99-19-83. *See* Miss. Code Ann. § 99-19-83 (Rev. 2007).

[6]URCCC 7.09.

[7]*Torrey v. State*, 891 So. 2d 188, 195 (Miss. 2004); URCCC 7.09.

post-release supervision and a fine in exchange for Gowdy's guilty plea. Gowdy chose to forgo this opportunity to help himself, and now argues for a second bite at the apple.

¶30. I would remind the majority that Gowdy has no constitutional right to a plea bargain.[8] Thus, the notion that the post-conviction amendment somehow robbed Gowdy of his right to "make an informed and rational decision when presented with a proposed plea bargain" has no support from our caselaw or the Mississippi Constitution.

*III. The amendment was one of form, and not substance.*

¶31. Habitual-offender status, in and of itself, is not a crime, i.e., offense, in the State of Mississippi, but a means to reduce crime through deterrence and/or incapacitation by enhancing a defendant's sentence. Thus, a post-conviction amendment to the indictment to "charge" a defendant as a habitual offender does not raise the same concerns as would an amendment to reflect a new, criminal offense or substantive element of the charged offense.

¶32. Moreover, a change in the indictment is permissible if "it does not materially alter facts which are the essence of the offense on the face of the indictment as it originally stood, or materially alter a defense to the indictment as it originally stood."[9] And it is well-established that "prior offenses used to charge the defendant as a habitual offender are not substantive elements of the offense charged."[10] Gowdy admits this on appeal.

---

[8]*See* ***Weatherford v. Bursey***, 429 U.S. 545, 561, 97 S. Ct.837, 51 L. Ed. 2d 30 (1977); ***Medina v. State***, 688 So. 2d 727, 731 (Miss. 1996).

[9]***Nathan v. State***, 552 So. 2d 99, 107 (Miss. 1989) (citing ***Ellis v. State***, 469 So. 2d 1256, 1258 (Miss. 1986); ***Shelby v. State***, 246 So. 2d 543, 546 (Miss. 1971)).

[10]***Adams v. State***, 772 So. 2d 1010, 1020-25 (Miss. 2000); ***Swington v. State***, 742 So. 2d 1106, 1118 (Miss. 1999).

13

¶33. Because the added prior convictions were used only to enhance Gowdy's sentence, and not as an underlying element of the charge of felony DUI, the amendment to the indictment did not prejudice Gowdy, nor did it impede Gowdy's defense at trial. Thus, the amendment, unlike the one in *Akins*, was one of form, and therefore permissible.

### *IV. Gowdy was not unfairly surprised.*

¶34. Gowdy received notice of the State's intent to amend the indictment at the close of trial on February 4, 2009. The State filed its motion, which it sent to Gowdy, on March 30, 2009. Gowdy did not ask for a continuance, nor did he object to such amendment at either time.[11] Gowdy did not oppose the motion until the sentencing hearing on April 21, 2009, at which point he did so orally. In fact, Gowdy had more than seventy days to prepare a defense to the State's motion. And the record is clear that Gowdy was well aware of his prior felony convictions in Iowa. Thus, it cannot seriously be argued that Gowdy was unfairly surprised by the amendment.

¶35. Further, the record is clear that the State did not have the information at the time it offered the plea deal to Gowdy. And Gowdy provides no evidence to show otherwise. Had the State possessed such information, surely it would not have presented Gowdy with such a generous plea deal in the first place. Thus, any implication that the State withheld information or somehow acted with disregard lacks support from the record.

### *V. Rules 11.03 and 7.09 of the URCCC*

---

[11]This Court has held that, "[w]here a defendant does not ask for a continuance when an indictment is amended he cannot later object that he was surprized [sic] and prejudiced in this defense." *Nathan v. State*, 552 So. 2d 99, 107 (Miss. 1989).

14

¶36. The majority states that "Rule 11.03 requires that an indictment 'must allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous convictions, and the date of judgment,' and failure to comply with this rule will result in reversal of the enhanced sentence." But I would point out that the charge of "habitual offender" is not an "offense" within the meaning of Rule 11.03. The charge of "habitual offender" strictly relates to sentencing. And nothing in our case law, nor the Uniform Rules of Circuit and County Court Practice, precludes an amendment to assert such charge later in the proceedings.

¶37. Further, the majority cites *Ormond v. State* for the proposition that failure to comply with Rule 11.03, i.e., charge a defendant with habitual offender at the outset, "will result in reversal of the enhanced sentence."[12] Once again, the majority fails to acknowledge that *Ormond* was decided *prior to* the enactment of Rule 7.09, which allows indictments to be amended to charge a defendant as a habitual offender. Thus, the majority's reliance on *Ormond* is incorrect. *Ormond* has no application to the present facts.

¶38. Additionally, the majority claims that the ability to amend the indictment at any time prior to sentencing would decrease the State's incentive timely to comply with Rule 11.03. But the State has plenty of incentive to seek a defendant's criminal record in advance, because if the State obtains information concerning a defendant's criminal record pre-indictment or post-indictment, but well in advance of trial, such criminal history will be beneficial to the State in the prosecution of the principal charge in the indictment, such as

---

[12]*Ormond v. State*, 599 So. 2d 951, 962-963 (Miss. 1992).

admissible evidence under Mississippi Rule of Evidence 404(b), or evidence for the purposes of impeachment on cross-examination of a testifying defendant.[13]

¶39.    With that being said, the State may, however, amend the indictment to reflect the "charge" of habitual offender at any point prior to sentencing, subject to Rule 7.09, because such amendment is one of form, and not substance, i.e., a new criminal charge or substantive element of the charged offense.  To be clear, there is no inconsistency between Rule 11.03 and Rule 7.09.  Rule 7.09 simply allows the State to comply with Rule 11.03.

## Conclusion

¶40.    In light of the foregoing reasons, I disagree with the majority's decision to remand the case for resentencing.  Accordingly, I dissent and would affirm both Gowdy's conviction and sentence.

**CARLSON, P.J., AND RANDOLPH, J., JOIN THIS OPINION.**

---

[13] *See* Miss. R. Evid. 609(a).