KITCHENS, Justice,
dissenting:
¶ 29. I write separately to express my disagreement with the plurality’s attempt to undermine, if not abrogate, this Court’s holding in Gowdy v. State, 56 So.3d 540 (Miss.2010), and to reiterate the need for a bright-line rule prohibiting the amendment of an indictment after a defendant has been convicted.
¶ 30. In the instant case, Kevin Dale McCain was indicted for robbery in violation of Mississippi Code Section 97-3-73 (Rev.2006). His trial commenced on September 14, 2009, and he was convicted on September 15, 2009. The State’s Motion to Amend Indictment to Include Habitual Criminal Enhancement under Mississippi Code Section 99-19-83 was neither heard nor granted until after conviction, and McCain was then sentenced as an habitual offender to life without parole in the custody of the Mississippi Department of Corrections.
¶ 31. This amendment drastically altered the indictment. The grand jury had indicted McCain for robbery, a felony for which the statutorily prescribed sentence can range from one year to fifteen years in prison. See Miss.Code Ann. § 97-3-75 (Rev.2006). The post-conviction amendment changed the crime charged by the grand jurors, months after they had voted *1065 on it and without their approval, from robbery to robbery as an habitual criminal, which resulted in McCain’s receiving a mandatory sentence of life without possibility of parole. Clearly, this was a substantial change in the charge, and resulted in McCain’s being sentenced for an offense for which he was not indicted, tried, or convicted.
¶ 32. The plurality distinguishes this case from Gowdy based on the following facts: (1) during plea negotiations, eight months before trial, the State disclosed its intention to adduce evidence at trial of McCain’s prior convictions, and (2) the State’s motion to amend the indictment, which included the judgment and sentencing details of McCain’s prior robbery convictions, was filed some seven months before trial. Plur. Op. at ¶ 13. The State’s having revealed to McCain, eight months in advance of trial (during January 2009), that it intended to offer proof, during trial, of McCain’s prior bank robbery convictions, did not serve to inform him that in actuality, he would be tried for robbery as an habitual criminal. The prosecution’s disclosure pertained to evidence it hoped to adduce, not to a major upgrade of the charge itself. Although citing evidence from the record that McCain was not actually made aware of the State’s motion to amend the indictment by his trial counsel until September 8, 2009 (less than one week before trial), the plurality fails to find this fact significant, given that McCain’s trial counsel was aware of the motion “nearly two weeks before trial.” Plur. Op. at ¶ 14.
¶ 33. Rule 7.09 of the Uniform Rules of Circuit and County Court Practice provides, in part: “Amendment [of an indictment] shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.” The plurality miseharacterizes the holding in Gowdy as having been limited to that case’s facts. Moreover, the plurality undertakes to craft a new rule by suggesting that all inquiries into whether an amendment made to an indictment post-conviction has constituted an “unfair surprise” to the defendant are to be made on a case-by-case basis. Plur. Op. at ¶ 12. In support of this premise, the plurality cites Adams v. State, 772 So.2d 1010, 1020-21 (Miss.2000). In Adams, however, the indictment was amended one week prior to trial, not after conviction. Id. at 1019.[22]
¶ 34. This Court in Gowdy explicitly ruled that “an amendment to the indictment to allege habitual offender status after conviction is an unfair surprise.” Gowdy, 56 So.3d at 545. To hold otherwise in the instant case is to negate the holding of Gowdy. In applying Gowdy to the facts of this case, it matters not when the State’s motion to amend was filed. The trial court heard and granted it post-conviction and, in so doing, deprived McCain of “a fair opportunity to present a defense” to the heavily amended indictment. URCCC 7.09.
¶ 35. Pursuant to Uniform Circuit and County Court Rule 11.03, in order for an enhanced punishment indictment to be sufficient:
The indictment must include both the principal charge and a charge of previous convictions. The indictment must *1066 allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous conviction, and the date of judgment.
(Emphasis added.) In order to “have a reasonable opportunity to prepare and present a defense” the indictment must be amended, if at all, prior to trial, not after. See Decker, 66 So.3d at 656. The indictment’s function as the charging instrument of the crime to be tried ceases to exist after conviction. Furthermore, in Gowdy, this Court articulated the need for a bright-line rule that would prohibit the State’s amending an indictment post-conviction, since permitting post-conviction amendments to indictments diminishes any “incentive for the State to be diligent in obtaining a prospective indictee’s criminal record in advance of presenting a new charge to a grand jury and timely complying with Rule 11.03....” Gowdy, 56 So.3d at 546. Here, the State easily could have ascertained and obtained documentation of McCain’s prior felony convictions before it presented the case to the grand jury. Had it done so, it could have made the grand jury aware of the prior felony convictions so that body — the only body that can formally charge a felony in our state’s trial courts — could have decided whether McCain should be charged as an habitual offender. As it turned out, that decision was made by the prosecutor and the trial judge, and now, by a plurality of this Court. Robbery is one crime. Robbery as an habitual offender is another. The grand jury indicted McCain for the former, but not for the latter. Thus, the constitutional duties and prerogatives of the grand jurors have been supplanted and usurped. See Miss. Const, art. 3, § 27.[23]
¶ 36. Assuming arguendo that an indictment alteration of this magnitude could have been made without the grand jury’s consent, the State should have sought the Court’s leave to amend with far more diligence than it did. While it was the defense’s burden to object and respond in opposition to the State’s motion to amend the indictment, it was the State’s responsibility to seek a hearing and disposition of its own motion prior to trial. Rule 2.04 of the Uniform Rules of Circuit and County Court states:
It is the duty of the movant, when a motion or other pleading is filed, including motions for a new trial, to pursue said motion to hearing and decision by the court. Failure to pursue a pretrial motion to hearing and decision before trial is deemed an abandonment of that motion; however, said motion may be heard after the commencement of trial in the discretion of the court.
As noted by the plurality, the State did not bring the outstanding motion to the attention of the trial court until after trial had commenced during proceedings in chambers. Plur. Op. at ¶ 5. Thus, the State is deemed to have abandoned that motion. Had the State pursued its motion prior to trial, the trial court, in its discretion, could have heard the motion after trial commenced; however, the trial court erred in hearing the pretrial motion after the conclusion of trial.
¶ 37. For the foregoing reasons, it is clear to me that the plurality is remiss in finding that McCain’s sentence should be affirmed. I would reverse and remand this case for sentencing under Mississippi Code Section 97-3-75 (Rev.2006), which is the sentencing statute applicable to the crime for which the duly constituted grand *1067 jury of Warren County voted to indict McCain.
KING, J., Joins this Opinion.

. The timeline in Adams was as follows: On February 22, 1999, the State filed a motion to amend the indictment to charge Adams as an habitual offender with the proposed amended indictment attached. On February 25, 1999, the motion was heard along with other pretrial motions. There was no objection to the motion by Adams. The motion to amend the indictment to charge Adams as an habitual offender was granted. The trial commenced March 1, 1999. Adams, 772 So.2d at 1020-21.

. I join Justice Dickinson’s concurring opinion to the extent that it concludes that Article 3, Section 27, of the state Constitution provides the grand jury, and only the grand jury, the authority to decide what charges to bring against an accused.