ORDER

ANN H. LAMAR, Justice,
for the Court.
This matter came before the Court en banc on Shawn Burton’s pro se “Motion for Post-Conviction Relief or, in the Alternative, a Motion for Leave to File Motion for Post-Conviction in Madison County Circuit Court” and “Motion and Request for Permission to Amend Pending Post Conviction Petition.” Burton contends that this Court’s opinion in Gowdy v. State, 56 So.3d 540 (Miss.2010) constitutes an intervening decision pursuant to Sections 99-39-5(2) and 99-39-27(9) of the Mississippi Code. After due consideration, the Court finds that the facts in Gowdy are distinguishable and the decision “would [not] have actually adversely affected the outcome of [Burton’s] conviction or sentence.” Miss.Code Ann. §§ 99-39-5(2)(a)(i) and 99-39-27(9). The Court finds that Burton’s claims that his sentence as a habitual offender is illegal and *479 that there were procedural errors during his sentencing hearing are without merit. The Court further finds that Burton’s claims that his trial and appellate counsel rendered constitutionally ineffective assistance of counsel fail to meet both prongs of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The Court finds that this motion was not filed within the three-year statute of limitations period and Burton does not meet any of the exceptions to the procedural bar. Miss.Code Ann. § 99-39-5(2); Rowland v. State, 42 So.3d 503 (Miss.2010). The Court further finds that this is at least the fifth motion filed by Burton. The Court finds that the present motion is procedurally barred as a successive writ and Burton does not meet any exceptions to the bar. Miss.Code Ann. § 99-39-27(9); Rowland v. State, 42 So.3d 503 (Miss.2010). The Court finds that this motion should be dismissed as a successive writ and as untimely. The Court further finds that the motion to amend should be dismissed as moot.
IT IS THEREFORE ORDERED that Shawn Burton’s pro se “Motion for Post-Conviction Relief or, in the Alternative, a Motion for Leave to File Motion for Post-Conviction in Madison County Circuit Court” is dismissed as procedurally barred.
IT IS FURTHER ORDERED that Shawn Burton’s pro se “Motion and Request for Permission to Amend Pending Post Conviction Petition” is dismissed as moot.
SO ORDERED.
WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR, CHANDLER, AND PIERCE, JJ„ TO DISMISS.
DICKINSON, P.J., AND KITCHENS, J., WOULD GRANT.
KING, J., WOULD DENY.
DICKINSON, P.J., OBJECTS TO THE ORDER WITH SEPARATE WRITTEN STATEMENT JOINED BY KITCHENS, J.
DICKINSON, Presiding Justice,
objection to order:
¶ 1. It is elementary that the constitutional requirement for indictments exists to place ordinary citizens between the power of the State, and the accused. Unless the State can obtain an indictment, it is powerless to proceed with a criminal prosecution. Somewhere in this Court’s past, someone came up with the idea that circuit judges should be allowed to amend indictments “as to form but not as to the substance of the offense charged.” This, of course, was to cure some scrivener’s error, such as a misspelling.
¶ 2. One can hardly make a credible case that charging the accused as a habitual offender is a matter of form. To the contrary, charging the accused as an habitual offender — thereby subjecting the accused to possible life imprisonment — is very much a substantive matter. Indeed, this Court has said in no uncertain terms that “a defendant has a right to be indicted as a habitual offender before he properly may be convicted and sentenced as a habitual offender.”[1] So one would think that only properly-impaneled grand juries may decide whether the State may proceed with an habitual offender prosecution. Not so.
¶ 3. In accord with the inevitable certainty that those in power tend to take steps to increase their power, the State— that is to say, the judicial branch of the State — has decided that a prosecutor who failed to seek an indictment of the accused *480 as an habitual offender need not go back to the grand jury to correct the mistake. It is much simpler, it seems, to allow circuit judges to amend a grand jury’s indictment.
¶ 4. If the Court is going to allow the circuit judge to do it, why go through the charade of calling it a part of the indictment (which it most certainly is not)? Why not just “tell it like it is,” and say that there is no requirement to indict the' accused as an habitual offender? So long as this State requires an accused to be indicted as an habitual offender, I cannot agree that a circuit judge has the power to hand down that indictment, as currently is the case.
KITCHENS, J., JOINS THIS SEPARATE WRITTEN STATEMENT.

. Joiner v. State, 61 So.3d 156, 158 (Miss. 2011).