ISHEE, J„
for the Court:
¶ 1. This is a criminal case regarding whether an indictment may be amended on the first day of trial to charge the defendant as a habitual offender. Timothy Rice was indicted for the sale of cocaine. Five days before the trial, the State filed a motion to amend the indictment to include Rice’s habitual-offender status. On the first day of trial, the Jones County Circuit Court entered an order amending the indictment. After the jury returned a guilty verdict, Rice filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict (JNOV). His motion was subsequently denied. Aggrieved, Rice appeals. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Rice’s charge in this case stemmed from his sale of cocaine to Anthony Jones, a confidential informant. Jones became a confidential informant after authorities found a crack pipe and an open container of alcohol in his vehicle during a traffic stop. In order to “help himself out of that charge,” Jones agreed to initiate and follow through with the purchase of cocaine from Rice.
¶ 3. On December 4, 2008, members of the Laurel Police Department met with Jones to discuss the details of the purchase. The police officers searched Jones’s vehicle and his person to ensure he did not have any cocaine or drugs already in his possession. After the search, they provided Jones with the money to acquire the drugs from Rice.
¶ 4. While in the police officers’ view, Jones called Rice to set up the purchase. When Jones went to purchase the cocaine from Rice, the police officers monitored the sale “from a safe distance.” They observed Jones approach Rice’s vehicle and hand Rice the money. Rice then handed something to Jones. The officers then immediately met up with Jones, at which point Jones gave the officers the bag of suspected cocaine that Rice had handed to him during the exchange. The Mississippi Crime Laboratory later confirmed the substance was, in fact, cocaine.
¶ 5. On March 3, 2009, the Jones County grand jury indicted Rice for the sale of cocaine, a Schedule II substance, in violation of Mississippi Code Annotated section 41-29-139 (Rev.2009). On October 9, 2009, the State filed a motion to amend the indictment to charge Rice as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2009). Rice had been convicted previously of burglary, grand larceny, escape, and simple assault. On October 13, 2009, the same day the trial began, the trial judge entered an order amending the indictment to charge Rice as a habitual offender.
¶ 6. The trial occurred from October 13, 2009, until October 14, 2009. On the last day of the trial, the jury returned a guilty verdict. The trial judge then sentenced Rice as a habitual offender to forty years of imprisonment, with ten years suspended and thirty years to serve, all in the custody of the Mississippi Department of Corrections. On October 23, 2009, Rice filed a, motion for a new trial or, in the alternative, a JNOV. His motion was denied by *770 the trial court on May 31, 2011.[1] Rice now appeals. In his sole issue on appeal, Rice argues the" trial court erred by amending the indictment to reflect his status as a habitual offender after the voir dire of the jury had taken place and the trial had begun.
DISCUSSION
¶ 7. The trial court’s decision to allow the indictment to be amended to include Rice’s habitual-offender status “is an issue of law and ‘enjoys a relatively broad standard of review.’ ” Jackson v. State, 943 So.2d 746, 749 (¶ 11) (Miss.Ct.App.2006) (citation omitted). Rule 7.09 of the Uniform Rules of Circuit and County Court governs amendments to indictments. Rule 7.09 provides:
All indictments may be amended as to form but not as to the substance of the offense charged. Indictments may also be amended to charge the defendant as [a] habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement.... [An][a]mendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.
Rule 7.09 does not address the timing of the indictment; it only states that the defendant must be “afforded a fair opportunity to present a defense and ... not [be] unfaMy surprised.” URCCC 7.09.
¶ 8. A variety of Mississippi cases address the timing of an amendment to an indictment to charge the defendant as a habitual offender. In Adams v. State, 772 So.2d 1010, 1019 (¶ 44) (Miss.2000), the trial court allowed the State to amend the indictment to charge the defendant as a habitual offender one week before the trial. The Mississippi Supreme Court found “[i]t was not necessary for [the defendant] to prepare a defense based on the amended indictment ... since ... [the] habitual[-]offender status did not affect the crimes with which [the defendant] was charged.” Id. at 1021 (¶ 52). In McCain v. State, 81 So.3d 1055, 1061-62 (¶¶ 13-15) (Miss.2012), the supreme court upheld a post-conviction amendment to the indictment to reflect the defendant’s habitual-offender status where the State had filed its motion to amend well before the trial had begun. Finally, in Jackson v. State, 943 So.2d 746, 750 (¶ 16) (Miss.Ct.App.2006), the case most similar to the one at hand, this Court upheld an amendment to the indictment to reflect the defendant’s habitual-offender status on the day the trial began. We stated: “[I]t is permissible to amend the indictment on the date of trial and to charge the defendant as a habitual [offender] ... when [the] defense counsel is aware of the State’s intentions and the defendant is fully aware of the State’s intentions during plea negotiations.” Id. at 750 (¶ 14).
¶ 9. In the present case, because the motion was filed five days before the trial, the defense counsel was fully aware of the State’s intention to amend the indictment. In addition, there is no evidence of any plea discussions that the habitual-offender charge could have affected or influenced. Thus, Rice could not have been unfairly surprised by the amendment on the first day of the trial.
¶ 10. Moreover, as in Adams, the amendment did not affect the crimes for *771 which Rice was charged. His habitual-offender status only affected his potential sentence. As such, Rice needed only to defend against the sale-of-cocaine charge, regardless of the amendment to the indictment to charge him as a habitual offender. Therefore, it was not necessary to prepare a defense based on the amendment. Accordingly, the trial court did not err by allowing the amendment on the first day of the trial.
¶ 11. Rice cites Gowdy v. State, 56 So.3d 540 (Miss.2010), as legal authority for his argument that the amendment to the indictment was improper. However, in Gowdy the defendant had no notice that the State would seek enhanced sentencing when considering plea negotiations, and the motion to amend the indictment was not filed until after the defendant had been convicted. Id. at 544 (¶ 15). The supreme court found that allowing an amendment to the indictment after conviction constituted an unfair surprise; therefore, the amendment should not have been permitted. Id. at 545 (¶ 19).
¶ 12. Rice’s reliance on Gowdy is misplaced, as the facts in that cases are far different from those in the instant case. Here, the State moved to amend the indictment five days before the trial began, and the trial court allowed the amendment to the indictment on the first day of the trial. As such, the holding in Gowdy, that charging the defendant as a habitual offender in a post-conviction amendment to an indictment is impermissible, is not applicable to the instant ease. We affirm the decision of the trial court and find this argument is without merit.
¶ 13. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE AND SENTENCE AS A HABITUAL OFFENDER OF FORTY YEARS, WITH TEN YEARS SUSPENDED AND THIRTY YEARS- TO SERVE, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.

. The large lapse in time between the filing of the motion and the order is due to the postponement of the hearing by Rice's trial counsel and his trial counsel’s failure to bring the motion for a hearing again. The motion was ruled on without the benefit of a hearing.