FAIR, J.,
for the Court:
¶ 1. William Lamb was confronted outside a gas station in Lowndes County, Mississippi, by undercover law enforcement officers acting on a tip from a confidential informant later revealed to be Lamb’s ex-wife. The informant had told authorities Lamb would be at the gas station with between 1.0 and 1.5 grams of methamphetamine. Lamb was sitting in his vehicle after the station had closed. When the officers approached,[1] he put a plastic bag in his mouth and attempted to swallow it. The officers tried to stop him, but Lamb resisted violently. After he chewed the bag up and succeeded in swallowing it, Lamb relented, and he was arrested and taken to a local hospital where the contents of his stomach were removed. Samples of the contents, totaling about 80 grams, were later confirmed to contain methamphetamine. Lamb was prosecuted on the theory that the contents of his stomach were a controlled substance under Mississippi law, and he was convicted of possession of between two and ten grams with intent to distribute. Lamb was sentenced as a habitual offender to thirty-two years’ imprisonment. He appeals from that judgment.
DISCUSSION
1. Amendment of Indictment
¶ 2. After voir dire, but before opening statements and the presentation of evidence, the State moved to amend Lamb’s indictment to charge him as a habitual offender and a repeat drug offender. See Miss.Code Ann. § 99-19-81 (Rev.2007) (maximum sentence required after third felony conviction); Miss.Code Ann. § 41-29-147 (Rev.2009) (doubles maximum sentence for repeat drug offenders). The trial court granted the amendment. Its effect, if the required conditions were proven in the sentencing phase, was to require a thirty-two-year sentence. Had Lamb not been charged as a habitual offender and a repeat drug offender, he would have been *86 sentenced to a minimum of four and a maximum of sixteen years’ imprisonment under Mississippi Code Annotated section 41-29-139(c)(l)(C) (Supp.2012).
¶ 3. On appeal, Lamb relies on Gowdy v. State, 56 So.3d 540, 546 (¶ 22) (Miss.2010), where the supreme court held that an indictment could not be amended when the motion to amend was made after the defendant was convicted.[2] The court pointed out that Uniform Rule of Circuit and County Court 7.09 does not speak to the timing of an amendment, but permits it “only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.” Id. at 545 (¶ 16).
¶ 4. Lamb’s case is distinguishable from Gowdy because the indictment was amended prior to conviction. As to the more general Rule 7.09, Lamb has made no specific claims of prejudice from the timing of the amendment; he has not shown any unfair surprise. Regarding Lamb’s ability to put on a defense, sentencing enhancements are determined by the court after the guilt phase of the trial. Charging Lamb as a habitual offender “did not affect the substance of the crime of which he was charged, but only the sentencing.” Adams v. State, 772 So.2d 1010, 1020 (¶ 49) (Miss.2000) (quotation omitted). The timing of the amendment relative to the guilt phase of the trial does not bear on Lamb’s ability to prepare a defense to the sentencing enhancement. See id. at 1020-21 (¶¶ 49-50).
¶ 5. We find no merit to this issue.
2. Weight and Sufficiency of the Evidence
¶ 6. Under the umbrella of this issue, Lamb challenges the weight and sufficiency of the evidence supporting his conviction for the possession of between two and ten grams of a controlled substance. The testimony at trial established that Lamb swallowed the methamphetamine after chewing up the plastic bag it was kept in. His stomach contents were then removed and samples, totaling 80 grams, were confirmed by laboratory analysis to contain methamphetamine. The technician who performed the analysis testified that methamphetamine is usually distributed in a powder mixture and that the powder had dissolved in Lamb’s stomach contents. The technician testified that he could not separate the powder containing methamphetamine from the rest of the stomach contents, only determine that the contents did, in fact, contain methamphetamine.
¶ 7. Mississippi Code Annotated section 41-29-115(A)(c)(l) provides that “[a]ny material, compound, mixture, or preparation which contains any quantity of ... [ajmphetamine” is a controlled substance. For the purposes of the statute, “[t]he weight set forth refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance.” Miss.Code Ann. § 41-29-139(c).
¶ 8. Lamb acknowledges this authority. His contention on appeal is that water or saline could have been pumped into his stomach during the extraction of its contents, inflating the weight of the contents and thus increasing the penalty. Lamb points to the testimony that the Cl had told authorities he would be found with 1.0 or 1.5 grams of methamphetamine (pre *87 sumably in its powder form). We find no merit to this argument as the question of how Lamb’s stomach contents were removed was not developed in the evidence before the jury. Lamb’s argument on appeal is supported by nothing but speculation that is, in fact, refuted in record evidence not presented to the jury.[3]
¶ 9. Lamb additionally argues that the statute, as applied, is unfair or violative of legislative intent. This argument is poorly developed and lacks supporting authority. Lamb possessed at least two grams of a controlled substance as defined by statute. We have been presented with no basis in law to change that result.
¶ 10. In his pro se reply brief, Lamb contends his conviction is against the overwhelming weight of the evidence because no plastic bag was shown to have been recovered in his stomach contents. However, the testimony was that Lamb chewed the bag up and that the stomach contents that were closely examined had passed through pipettes that would not have picked up large debris. The fact that no bag remnants were identified in Lamb’s stomach contents goes to the weight of the evidence against him, but given that three officers each testified to personally observing Lamb chew up and swallow a plastic bag, it does not render the guilty verdict against the overwhelming weight of the evidence.
¶ 11. Lamb’s conviction is supported by substantial evidence and is not against the overwhelming weight of the evidence. This issue is without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO SELL OR DISTRIBUTE AND SENTENCE AS A SUBSEQUENT DRUG OFFENDER AND A HABITUAL OFFENDER OF THIRTY-TWO YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING AND, GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.

. The officers testified they approached Lamb suddenly in three different vehicles, all of which had high-beam headlights trained on Lamb's vehicle.

. In McCain v. State, 81 So.3d 1055, 1060-61 (¶¶ 11-12) (Miss.2012), a four-judge plurality of the supreme court stated that the result in Gowdy was a product of unfair surprise based on the unique circumstances of that case, rather than any bright-line rule against amending the indictment after conviction. Since the present case is distinguishable from Gowdy, we do not need to address McCain.

. The reason this defense was not advanced in the trial court appears obvious from medical records offered by the defense during the suppression hearing. They show that 2200 milliliters of saline was pumped into Lamb’s stomach and approximately 2300 milliliters of contents and saline was removed, leading to the conclusion that approximately 100 milliliters of stomach contents were removed (assuming all the saline was removed, which is not a given). The unadulterated contents of Lamb’s stomach clearly would have met the two-gram minimum for conviction under section 41 — 29—139(c)(1)(C).