GRIFFIS, P.J.,
for the Court:
¶ 1. Terris Torrell Stevenson appeals his conviction of felony simple domestic violence. Stevenson argues that the prosecutor’s improper statement during closing argument was reversible error. On cross-appeal, the State argues that the trial court erred when it denied the State’s motion to amend the indictment. We find no error and affirm.
FACTS
¶ 2. Stevenson was indicted for felony domestic violence, third offense, pursuant to Mississippi Code Annotated section 97-3—7(3)(b) (Rev.2014). The indictment also included a habitual-offender enhancement pursuant to Mississippi Code Annotated section 99-19-83 (Supp.2014).
¶ 3. Stevenson and Dalasi Taylor had been in a relationship. They dated for almost three years. Six to eight months after their relationship ended, on March 31, 2012, Taylor was walking with a “friend guy” on Crawford Street in Vicksburg, Mississippi, when Stevenson drove by and stopped his car. Stevenson got out of his car, told Taylor he loved her and wanted her back. Taylor testified that, although she was scared, she did not run or scream. She got into Stevenson’s car. A policeman pulled up and instructed Taylor to drive Stevenson’s car, because Stevenson appeared intoxicated.
¶ 4. When Taylor stopped at a stop sign, Stevenson slapped Taylor in her face, as he thought that Taylor’s “guy friend” had paid for her to have a manicure. They then went to a store, where Stevenson took the $40 that Taylor had in her possession to purchase gas for his car. Taylor testified that she paid for the gas because she was scared. They then drove to the Waltersville Estates apartment complex, where Stevenson got out of the car and took the keys. Taylor remained in the car, while Stevenson visited one of the apartments. He then returned to the car and took Taylor to an apartment where his daughter lived.
¶ 5. Taylor testified that, once at the apartment, Stevenson told her to remove all her clothes. He then hit her with an electric cord. She also testified that Stevenson hit her on the head with the heel of a stiletto boot.
¶ 6. Taylor testified that, after the incident, Stevenson called her multiple times and asked her to drop the charges, even though Taylor had obtained a restraining *929 order against him. Stevenson arranged to meet Taylor at the police station, which she did. Taylor requested the police to drop the restraining order as well as the charges against Stevenson.
¶ 7. Beverly Prentiss was a domestic-violence investigator with the Vicksburg Police Department. She was called to the police department to interview Taylor, who was with her mother. Investigator Pren-tiss testified that Taylor appeared upset and emotional, and was crying. Investigator Prentiss took pictures of the wounds on Taylor’s body. The pictures were introduced into evidence.
¶ 8. Investigator Prentiss also testified that Stevenson appeared with Taylor at the police station. Stevenson told Investigator Prentiss that Taylor wanted to drop the restraining order because the beating was due to consensual “kinky sex.” When Investigator Prentiss asked her if this was true, Taylor agreed. Based on this encounter, the protective order was dismissed. Despite this action, Investigator Prentiss testified that Taylor’s demeanor at the time seemed “[c]oerced, guided, [and] controlled.” Investigator Prentiss further testified that Stevenson had two prior domestic-violence convictions, which Taylor knew about, yet he served río jail time on either conviction. She explained to the jury that a third domestic-violence charge is a felony.
¶ 9. Stevenson was convicted of felony domestic violence. Following a presen-tencing investigation and sentence-enhancement proceeding, Stevenson was sentenced to serve ten years as a non-habitual offender. Stevenson filed both a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, and an amended motion, which the trial court denied. It is from this judgment that Stevenson now appeals.
■ ANALYSIS

1. Whether the trial court erred when it failed to either sua sponte declare a mistrial or instruct the jury when the State made reference during closing argument to Stevenson possibly not going to jail.

¶ 10. Stevenson argues that the prosecutor made an improper statement during closing argument:
Now you [the jury] have got to go back there and deliberate, and you have to decide whether or not a simple assault has occurred. That’s your decision. You have to go back here and look at these things. Look at these welts on her leg. She came in here and told you about it. They’re going to say, oh, she wanted to drop charges. She obviously doesn’t want to drop charges if she’s going to take that witness stand and be judged. It’s even in your jury instructions. Congratulations. Now you’ve [ (Taylor) ] got to come testify. In the jury instructions, it even says judge her credibility. Be judged one more time for what you did, for taking a beating. Be judged because your restraining order failed. And you know that he’s [ (Stevenson) ] not going to jail for any length of time on simple assault.
Stevenson argues that the last sentence that referred to his potential sentence was improper. Marks v. State, 532 So.2d 976, 983 (Miss.1988). The State responds that the remarks were taken out of context and actually reflect the victim’s state of mind. The State also argues that Stevenson’s failure to object to the closing arguments at trial constitutes a waiver of the issue for appellate review.
¶ 11. While attorneys are allowed wide latitude in presenting their cases to a jury, “prosecutors are not permitted to use tactics which are inflamma *930 tory, highly prejudicial, or reasonably calculated to unduly influence the jury.” Sheppard v. State, 777 So.2d 659, 661 (¶ 7) (Miss.2000) (citing Hiter v. State, 660 So.2d 961, 966 (Miss.1995)). The standard of review for “lawyer misconduct during opening statements or closing arguments is whether the natural and probable effect of the.improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by the prejudice so created.” Slaughter v. State, 815 So.2d 1122, 1130 (¶ 45) (Miss.2002) (citing Sheppard, 777 So.2d at 660 (¶ 7)).
¶ 12. To determine whether a prosecutor’s closing remarks were reversible error, this Court applies the two-part test adopted in Spicer v. State, 921 So.2d 292, 318 (¶ 55) (Miss.2006) (modified by Brown v. State, 986 So.2d 270, 286 (¶ 16) (Miss.2008), and partially abrogated by O’Connor v. State, 120 So.3d 390, 400-01 (¶¶ 28-29) (Miss.2013)). First, we review the remarks to determine if they were improper. Id. If so, then we analyze whether the remarks prejudicially affected the rights of the accused. Id. “It must be clear beyond a reasonable doubt[,] that absent the prosecutor’s comments, the jury could have found the defendant guilty.” Id:
¶ 13. Before applying this test, we must determine if defense counsel objected to the statement or if defense counsel invited the statement in light of the surrounding circumstances. Id. at 317-18 (¶¶ 52-53). “[I]f no contemporaneous objection is made, the error, if any, is waived.” Slaughter, 815 So.2d at 1130-31 (¶ 47) (quoting Walker v. State, 671 So.2d 581, 597 (Miss.1995)). Here, we find that this issue was waived. The record is clear that Stevenson made no contemporaneous objection at trial.
¶ 14. In addition, we also find that the comments did not prejudicially affect the rights of Stevenson. The comments more so reflected the state of mind of the victim, as opposed to making a reference to Stevenson’s potential sentence. We do not find a plain-error exception to the contemporaneous-objection requirement. Therefore, the issue was not properly preserved for review by this Court. We find that this issue has no merit.

2. Whether the trial court erred when it denied the State’s motion to amend the indictment.

¶ 15. On cross-appeal, the State asks this Court to find the trial court in error when it denied the State’s motion to amend the indictment pursuant to Rule 7.09 of the Uniform Rules of Circuit and County Court. The State sought an amendment to Stevenson’s indictment at the sentencing hearing. According to his indictment, Stevenson was initially charged for the felony of domestic-violence, third offense, with the charge enhanced as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83.'
¶ 16. However, the State discovered after the trial that Stevenson did not meet the requirements of section 99-19-83, and instead sought to amend the indictment to charge Stevenson as a habitual offender under Mississippi Code Annotated section 99-19-81 (Supp.2014), which is a lesser sentence enhancement. The trial court denied the State’s motion to amend the indictment, and sentenced Stevenson without any sentence enhancement. Stevenson responds that the trial court acted within its discretion in the denial of the motion to amend the indictment.
¶ 17. Mississippi law provides “that a change in the indictment is permissible if it does not materially alter facts *931 which are the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant’s case.” Ellis v. State, 469 So.2d 1256, 1258 (Miss.1985) (citations omitted). Further, Rule 7.09 provides:
All indictments may be amended as to form but not as to the substance of the offense charged. Indictments may also be amended to charge the defendant as [a] habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement (e.g., driving under the influence, Miss.Code Ann. § 63-11-80). Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.
The Mississippi Supreme Court has previously held that post-trial amendments to an indictment related to a criminal defendant’s habitual-offender status are improper, characterizing such post-trial amendments as “an unfair surprise.” Gowdy v. State, 56 So.3d 540, 545 (¶ 19) (Miss.2010). The Gowdy Court further noted:
[N]otice of the charge includes notice of the applicable minimum and maximum penalties. Under [Uniform] Rule [of Circuit and County Court] 8.04(A)(4)(b), before a defendant can plead guilty, the trial court has a duty to ensure that he “understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law.” The rule should not be different for defendants who choose to exercise their right to trial by jury.
Gowdy, 56 So.3d at 546 (¶ 21).
¶ 18. Here, we find that the trial court acted within its discretion to deny the State’s motion to amend the indictment. The record is clear that the State filed the motion to amend the indictment well after trial and before the sentencing hearing. And, while the State cites Beal v. State, 86 So.3d 887, 893 (¶ 14) (Miss.2012), to support its argument that the trial court erred when it denied the State’s motion to amend the indictment, Beal is clearly factually distinguishable from the present case. The motion to amend the indictment in Beal was filed before trial. Id. at 892 (¶ 12). Further, the supreme court in Beal upheld the trial court’s granting of the State’s motion to amend the indictment, recognizing that such decisions are within the discretion of the trial court, as the court determined that amendments to an indictment concerning habitual status are permissible. Id. at 893 (¶ 13). Accordingly, the trial court did not abuse its discretion when it denied the State’s motion to amend the indictment filed well after the conclusion of the trial. Therefore, this issue has no merit.
¶ 19. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT OF CONVICTION OF DOMESTIC VIOLENCE, THIRD OFFENSE, AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY A $1,000 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON AND FAIR, JJ., CONCUR. ROBERTS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY MAXWELL AND JAMES, JJ.