# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-KA-00948-SCT

*RICHARD W. BOWLIN a/k/a RICHARD BOWLIN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/17/2010 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| TRIAL COURT ATTORNEYS: | CARRIE A. JOURDAN |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER: |
| | BY: W. DANIEL HINCHCLIFF |
| | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL: |
| | BY: BARBARA WAKELAND BYRD |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 01/15/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., KITCHENS AND CHANDLER, JJ.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.    Richard Bowlin was convicted of three counts of sale or transfer of a controlled

substance in the Circuit Court of Lowndes County. He was sentenced as an habitual offender

to three concurrent thirty-year sentences without the possibility of parole and fined $1

million for each count. Bowlin's appellate counsel has filed a brief pursuant to ***Lindsey v.

State***, 939 So. 2d 743 (Miss. 2005), certifying that he has scoured the record and has found

no arguments to raise on appeal. Bowlin, as is his right under ***Lindsey***, has filed his own *pro*

*se* brief, raising several issues related to the alleged ineffectiveness of his trial and appellate counsel. We also have scoured the record, and, finding no meritorious arguments to be made for Bowlin on appeal, we affirm his convictions and sentences. Bowlin's ineffective-assistance-of-counsel claims are better deferred for an application for post-conviction relief, so we dismiss those points of error without prejudice, to be raised in a petition for post-conviction relief, should Bowlin choose to file such within the time allowed.

## FACTS AND PROCEDURAL HISTORY

¶2.    In May 2009, Ashley Matthews,[1] a resident of Alabama and daughter of Richard Bowlin, contacted Alabama authorities and informed them that she could perform an undercover drug buy from her father. Matthews called Bowlin asking whether she could buy some morphine patches. He said that he was out of them, but that he had something else he could sell her. Matthews arranged to meet him to conduct the transaction, and then met with officers of the Mississippi Bureau of Narcotics (MBN) to set up the logistics of the sting. Matthews was interviewed by the MBN agents, fitted with video and audio recording devices, and given two hundred dollars[2] with which to purchase the drugs. The agents searched Matthews's car to ensure that no illegal contraband was within, and the MBN's equipment recorded her from the time she left the agents until she returned after completing the buy from Bowlin.

---

[1]Most of the facts concerning the purchase are taken from Matthews's testimony and the audio and video recording of the drug buy in question.

[2]The serial numbers of the bills had been recorded by the agents.

¶3.     Matthews telephoned Bowlin and arranged their meeting for the purpose of purchasing drugs from him. The phone call was recorded. When Matthews arrived at Bowlin's home, she went into his house, where he sold her four bags of pills for the two hundred dollars she had been provided. Matthews left and returned to the location where she had been fitted with the recording equipment. Bowlin left his house after the transaction was complete, and agents arrested him at a nearby store. The twenty-dollar bills that MBN agents had provided Matthews were found by the arresting officers in Bowlin's billfold.

¶4.     Bowlin was indicted by the grand jury of Lowndes County for three counts of sale or transfer of a controlled substance. The specific controlled substances were hydromorphone (Dilaudid), meperidine (Demerol), and oxycodone. Four days before trial, the State moved to amend Bowlin's indictment to include habitual offender status pursuant to Mississippi Code Section 99-19-81, which would subject him to the maximum penalty under law without the possibility of parole for each of the three counts against him if he were convicted. Miss. Code Ann. § 99-19-81 (Rev. 2007). The hearing on the amendment was held after Bowlin's conviction. Bowlin's trial counsel acknowledged that she was not surprised by the prior convictions because she had represented Bowlin in all of those matters. The trial court amended the indictment after Bowlin was convicted and sentenced him as an habitual offender.

¶5.     Matthews was the main witness for the prosecution at trial. She identified the pills presented at trial as the pills that Bowlin had sold to her. She recognized the pills because they were kept in plastic bags that she had initialed. Forensic analyst Bill Smith of the Columbus Forensic Lab was accepted as an expert in drug analysis, and he testified that his

examination of the tablets revealed that they contained hydromorphone, meperidine, and oxycodone. The recording of the transaction obtained by Matthews was played for the jury. It showed Bowlin's face as well as the pills in Matthews's hand. The jury was informed that the same money handed to Bowlin in exchange for the drugs was recovered from his person when he was arrested.

¶6.    After the State rested, Bowlin moved for a directed verdict, which was denied. The trial court informed Bowlin of his right to testify or not. Bowlin chose not to testify. His attorney stated that, prior to trial, she had met with Bowlin several times and had provided him copies of the discovery materials produced by the State in his case. She related to the court that she had informed him of the details of the State's plea-bargain offer and that he had declined the offer. The defense rested without presenting any evidence or witnesses. The jury convicted Bowlin on all counts, and the trial judge sustained the previously filed motion for amendment of the indictment to include habitual-offender status. The trial court sentenced Bowlin, pursuant to Mississippi Code Section 99-19-81, as an habitual offender to thirty years on each count, to be served concurrently, without the possibility of parole. He also was fined $1 million on each count.

¶7.    Bowlin's appellate counsel has filed a brief pursuant to *Lindsey*, 939 So. 2d at 743, stating that, after a thorough and diligent search of the record, no arguable issues for appeal had been found. Counsel has complied with the mandates of *Lindsey*, stating that he has scoured the record and reviewed

> (a) the reason for the arrest and circumstances surrounding the arrest of Richard W. Bowlin; (b) any possible violation of Richard W. Bowlin's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e)

4

possible prosecutorial misconduct; (f) all jury instructions and particularly the denial of defense instruction D-6; (g) all exhibits, whether admitted into evidence or not; (h) possible misapplication of the law in sentencing; (I) the indictment and all the pleadings in the record; (j) any possible ineffective assistance of counsel issues; (k) jury selection, possible dismissal, voir dire, misconduct of or affecting the jury, jury composition, improper influences, failure to disclose, and **Batson** challenges; (l) the possibility of making an argument of "one transaction" constituting only one chargeable crime or count; and (m) sentencing issues, particularly relating to amended indictments charging the defendant as an habitual criminal under the rule announced in **Gowdy v. State**, 56 So. 3d 540 (Miss. 2010), all as contained within the four corners of the present record, and any other possible reviewable issues.

See **Lindsey**, 939 So. 2d at 748 (¶ 18).

¶8.    Counsel sent a copy of his brief to Bowlin and informed him that he had a right to file a *pro se* brief. *See id.* Bowlin filed one, alleging that his trial counsel was ineffective for various reasons.[3] Bowlin's ineffective-assistance-of-counsel allegations are better left for an application for post-conviction relief, should he choose to pursue that potential avenue of relief.

> Ordinarily, ineffective-assistance-of-counsel claims are more appropriately brought during post-conviction proceedings. This is because during direct appeals the Court is limited to the trial court record in its review of the claim, and there may be instances in which insufficient evidence exists within the record to address the claim adequately. **Wilcher v. State**, 863 So. 2d 776, 825 (Miss. 2003). In such a case, the appropriate procedure is to deny relief, preserving the defendant's right to argue the issue through a petition for post-conviction relief. **Read v. State**, 430 So. 2d 832, 837 (Miss. 1983).

---

[3]We note that trial counsel for Bowlin was able to persuade the prosecuting attorney, Forrest Allgood, to retire to the files several charges for possession of controlled substances with intent to distribute. Had Bowlin been convicted of those charges, he would have been in jeopardy of several sixty-year sentences, which would have made it unlikely that he would ever achieve eligibility for release from prison.

*Archer v. State*, 986 So. 2d 951, 955 (¶ 15) (Miss. 2008). Accordingly, we dismiss Bowlin's ineffective-assistance-of-counsel claim without prejudice and preserve his right to pursue the issue in a petition for post-conviction relief.

¶9.     Pursuant to *Lindsey*, 939 So. 2d at 748 (¶ 18), it is our duty to conduct an independent review of the record and determine whether there is any arguable issue on appeal, and, if so, to require supplemental briefing on that issue. Having studied the entire transcript and record, we find that there are no viable issues to be argued on Bowlin's behalf on appeal.

**CONCLUSION**

¶10.     Richard Bowlin's appellate counsel has complied with the procedural mandates outlined in *Lindsey*, 939 So. 2d at 743. After an independent and thorough review of the record, we find that there are no reversible issues on appeal, and that Bowlin's convictions and sentences for three counts of sale or transfer of controlled substances should be, and hereby are, affirmed.

¶11.     **COUNT I:  CONVICTION OF THE SALE OF HYDROMORPHONE AND SENTENCE OF THIRTY (30) YEARS, AS AN HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.  SAID SENTENCE SHALL NOT BE REDUCED, NOR SUSPENDED; NOR SHALL THE APPELLANT BE ELIGIBLE FOR PAROLE OR PROBATION. THE APPELLANT SHALL PAY A FINE OF $1,000,000.  COUNT II: CONVICTION OF THE SALE OF MEPERIDINE AND SENTENCE OF  THIRTY (30) YEARS, AS AN HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SAID SENTENCE SHALL NOT BE REDUCED, NOR SUSPENDED; NOR SHALL THE APPELLANT BE ELIGIBLE FOR PAROLE OR PROBATION.  THE APPELLANT SHALL PAY A FINE OF $1,000,000.  SAID SENTENCE SHALL RUN CONCURRENTLY WITH THE SENTENCE IMPOSED IN COUNT I. COUNT III: CONVICTION OF THE SALE OF OXYCODONE AND SENTENCE OF THIRTY (30) YEARS, AS AN HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.  SAID SENTENCE SHALL NOT BE REDUCED, NOR SUSPENDED; NOR SHALL THE APPELLANT BE ELIGIBLE FOR PAROLE**

**OR PROBATION. THE APPELLANT SHALL PAY A FINE OF $1,000,000. SAID SENTENCE SHALL RUN CONCURRENTLY WITH THE SENTENCES IMPOSED IN COUNTS I AND II.**

**DICKINSON AND RANDOLPH, P.JJ., LAMAR, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR. WALLER, C.J., NOT PARTICIPATING.**