# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-KA-00198-SCT

*TIMOTHY L. NUNN a/k/a TIMOTHY LOUIS*
*NUNN a/k/a TIMOTHY ANDRE NUNN a/k/a*
*TIMOTHY JOHNSON*

*v.*

*STATE OF MISSISSIPPI*


| | |
|---|---|
| DATE OF JUDGMENT: | 01/20/2017 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| TRIAL COURT ATTORNEYS: | LISA COLLUMS |
| | CHRISTOPHER ALAN GREEN |
| | PATRICIA SIMPSON |
| | CHRISTOPHER CARTER |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: JUSTIN T. COOK |
| | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALICIA AINSWORTH |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 02/14/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS AND KING, P.JJ., AND COLEMAN, J.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     A Harrison County jury found Timothy Nunn guilty of unlawful possession of a firearm by a convicted felon.  The trial court sentenced Nunn as a habitual offender under Mississippi Code Section 99-19-81 (Supp. 2018) to ten years without the possibility of parole or early release.  Nunn filed a notice of appeal following the trial court's denial of his motion

for a new trial. Finding no arguable issue to raise on appeal, Nunn's appellate attorney filed a brief in accordance with **Lindsey v. State**, 939 So. 2d 743 (Miss. 2005). Discerning no reversible error or issue warranting supplemental briefing, we affirm Nunn's conviction and sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2. On January 27, 2015, Detectives Joey Wuest and Larry McCook of the Gulfport Police Department observed Nunn driving without a seatbelt. The detectives initiated a traffic stop, but Nunn continued to drive for several blocks. Detective Wuest observed Nunn reaching toward the passenger area and backseat of the vehicle. After Nunn had stopped his vehicle, Detective Wuest approached the passenger side of the vehicle, while Detective McCook approached the driver's side of the vehicle.

¶3. Detective Wuest saw a firearm on the rear center of the floorboard. Officer Wuest notified Detective McCook about the firearm. Meanwhile, Nunn exited the vehicle and approached Detective McCook. Nunn was handcuffed immediately. In addition to Nunn, a male passenger was seated in the front passenger seat, and a female occupant was seated in the back seat. The two passengers were ordered to exit the vehicle, and the loaded firearm was recovered from the vehicle.

¶4. Nunn was arrested and interviewed at the Gulfport Police Department by Detectives Clayton Fulks and McCook. Nunn told the detectives that he knew the firearm was in the vehicle before he had been stopped by Detectives Wuest and McCook. Nunn admitted that he possessed the firearm. Nunn told the detectives that he handed the firearm to the

passenger in the back seat. An audio recording of the interview was admitted into evidence and played for the jury.

¶5. Detective Fulks testified that Nunn had admitted that he knew the firearm was in the vehicle before being stopped. Detective Fulks also testified that Nunn acknowledged that he had handed the gun to a passenger in the vehicle.

¶6. Detective Wuest identified Nunn as the driver of the vehicle he had stopped on January 27, 2015. Detective Wuest also identified the firearm and rounds recovered from the rear floorboard of the vehicle. The firearm was tested at the Mississippi Forensics Laboratory, and it was determined that it was fully functional. The parties stipulated that Nunn was a convicted felon.

¶7. Nunn testified in his defense. Nunn testified that he had lied to law enforcement during his interview. Nunn also testified that he did not know the firearm was in the vehicle and that the firearm did not belong to him.

¶8. The jury found Nunn guilty of unlawful possession of a firearm by a convicted felon. The trial court sentenced Nunn as a habitual offender under Section 99-19-81 to ten years.

¶9. Nunn's appellate counsel filed a brief consistent with *Lindsey*, asserting that no arguable issues could be appealed. Nunn's appellate counsel served a copy of the brief on Nunn and requested that Nunn be allowed to file a *pro se* appellate brief. The Court granted appellate counsel's request and afforded Nunn the opportunity to file a *pro se* brief. Nunn failed to file a *pro se* brief.

## ANALYSIS

¶10.   Nunn's appellate counsel has complied with the Court's procedure set forth in *Lindsey*.  Under *Lindsey*, the Court also has a duty to conduct an independent review of the record to determine whether any arguable issue is apparent, and, if so, to require supplemental briefing.  ***Bowlin v. State***, 154 So. 3d 883, 886 (¶ 9) (Miss. 2015).

¶11.   In the case *sub judice*, the State proved the requisite elements of unlawful possession of a firearm as defined in Mississippi Code Section 97-37-5 (Rev. 2014).  The State also proved that Nunn is a habitual offender under Section 99-19-81.  After reviewing the record and transcript, we discern no reversible error and find no viable issues to be argued on Nunn's behalf on appeal.  Accordingly, we affirm Nunn's conviction and sentence.

¶12.   **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.**