# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-KA-00801-SCT

*PLANEREO BELL a/k/a PLANEREO MARTINEZ BELL a/k/a PLANERO MARTINEZ BELL a/k/a PLANERO M. BELL*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/27/2023 |
| TRIAL JUDGE: | HON. CHARLES W. WRIGHT, JR. |
| TRIAL COURT ATTORNEYS: | KASSIE ANN COLEMAN |
| | THOMAS EUGENE WHITFIELD, JR. |
| | MARY SCHNELLER MARTIN |
| | MARK THOMAS CHANDLEE, JR. |
| | LESLIE D. ROUSSELL |
| | KATHRINE COLLINS CURREN |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALEXANDRA LEBRON |
| DISTRICT ATTORNEY: | KASSIE ANN COLEMAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/21/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KITCHENS, P.J., BEAM AND ISHEE, JJ.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1. A jury convicted Planereo Bell of two counts of aggravated assault and one count of possession of a firearm by a convicted felon in the Circuit Court of Lauderdale County. Bell was sentenced to three terms of life imprisonment without the possibility of parole. Bell's

appellate counsel filed a brief pursuant to *Lindsey v State*, 939 So. 2d 743 (Miss. 2005), certifying that he found no issues he could present in good faith to the Court. This Court issued an order allowing Bell time to file a pro se supplemental brief. Having viewed the entire record and Bell's supplemental brief, we do not find any issues that warrant appellate review.[1] As such, we affirm Bell's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2. On September 3, 2018, Bell shot Michael Smith and Viola Smith in Meridian, Mississippi. A neighbor, Marcus Raine, who witnessed the shooting and called 911, testified at trial. He described Bell as the gunman wearing a hooded shirt, brown pants, and a backpack. Raine testified that he saw Bell shoot Michael with a rifle while Michael was attempting to surrender to Bell. After the shooting, Raine testified that he saw Viola Smith run to Michael's aid, at which point he told the 911 operator that the gunman was "raising his gun again." Raine described that he heard several more shots while only partially being able to see Michael and Viola. Raine walked toward the end of the street where he found Michael and Viola lying on the ground with gunshot wounds.

¶3. Officer May was dispatched to the scene and testified at trial that Michael and Viola told him "he shot us" and "it's Planereo." The officers began investigating the scene, and

---

[1]Bell improperly styles his pro se brief as a motion for post-conviction relief as the case is before this Court on direct appeal. Bell claims his trial counsel was ineffective for failing to interview certain witnesses. This concerns matters outside the record before the Court. Accordingly, we dismiss the ineffective-assistance-of-counsel claim without prejudice to be raised in a proper petition for post-conviction relief should Bell choose to timely file such a petition. *See Bowlin v. State*, 154 So. 3d 883, 884 (Miss. 2015).

Officer May began searching for Bell in a prominent ditch in the area that Viola and Michael said Bell had gone. Officer May saw an "eyeball" in the brush and instructed the person to come out. The individual was identified as Planereo Bell, and he was detained.

¶4. Michael testified at trial that Bell had shot his mother and him. According to Michael, Bell approached him, asked where he was headed, and then shot him. Michael then called for his mother to help him, and Bell shot her too. Viola corroborated Michael's story. Viola testified that prior to the shooting, Bell was at her house with a gun and backpack. Around 6 a.m. on the morning of the shooting, Viola was in her bed when she heard knocking on her door, and her grandchildren told her Michael had been shot. She ran to his aid, and Bell began to apologize to her but also said he could not leave. He then shot Viola and shot Michael again, subsequently fleeing through the bushes.

¶5. Valerie Smith, Viola's daughter and Michael's sister, testified that Bell had come to the door and told her she needed to check on her brother. She said when she saw her brother crawling on the street, she called the police. She said that Bell had been following her brother around that night and that she had seen Bell with a gun. When she saw Bell outside, he was jumping up and down proclaiming it was an accident. At trial, Michael pointed to Bell as his shooter.

¶6. Bell did not testify at trial. A stipulation was entered into evidence that Bell had a prior felony conviction. The jury returned verdicts of guilty on all counts. The trial court sentenced Bell as a violent habitual offender to serve life without parole for each count.

**DISCUSSION**

3

¶7.    When counsel believes there are no appealable issues, the attorney must do the following as prescribed in *Lindsey*:

> (1) . . . [F]ile and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a);

> (2) . . . [C]ertify [in the brief] that there are no arguable issues supporting the client's appeal and [that the attorney] has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing[; and]

> (3) . . . [S]end a copy of the brief to the defendant, inform the [defendant] that counsel could find no arguable issues in the record, and advise the [defendant] of his or her right to file a pro se brief [; and]

> (4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal [; and]

> (5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Lindsey v. State*, 939 So. 2d 743, 748 (Miss. 2005) (citations omitted).  Bell's counsel has complied with the requirements of *Lindsey*.  And we too do not find any arguable issues.

¶8.    Lastly, Bell has filed two motions requesting new appellate counsel.  This Court previously entered an order on July 9, 2024, denying Bell's first motion for appellate counsel.  Bell filed a second motion for reappointment of counsel on July 24, 2024.  We deny this motion.  Additionally, Bell filed a motion for rebuttal, which we also deny.

**CONCLUSION**

¶9.    Absent any arguable issues for appeal, we affirm Bell's conviction and sentence.

¶10.    **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**